G. E. YOUNG et als. v. N. A. JACKSON et als.

*Evidence—Registration—Probate.*

1. The provisions in the Acts of 1868-'69, ch. 64, requiring the certificate of probate by the Probate Judge of a county, other than the county of registration, to be passed on by the Probate Judge of the latter county, is directory only. So, where a mortgage on land in Cleveland county was proven before the Probate Judge of Mecklenburg and registered in Cleveland without being submitted to or passed upon by the Probate Judge of the latter county; *It was held,* that the probate was not void and the mortgage admissible in evidence.

(*Holmes* v. *Marshall,* 72 N. C., 37; *Rollins* v. *Henry,* 78 N. C., 342; *Keener* v. *Goodson,* 89 N. C., 273; cited and approved).

CIVIL ACTION tried before *MacRae, Judge,* and a jury, at Spring Term, 1884, of CLEVELAND Superior Court.

There was a verdict and judgment for the plaintiffs and the defendants appealed.

*Messrs. Hoke & Hoke,* for the plaintiffs.

*Messrs. George F. Bason, McBrayer & Cobb* and *Batchelor & Devereux,* for the defendants.

MERRIMON, J. It appears that a judgment for money obtained in the Superior Court of the county of Iredell by Mary C. Bell against the defendant N. A. Jackson, was duly docketed in the Superior Court of the county of Cleveland on the 16th day of December, 1876; that an execution duly issued upon that judg-

ment, and the land in question, situated in the last-named county, was sold under it on the 7th day of May, 1877, by the sheriff of that county, and the defendant E. A. Morgan became the purchaser thereof, and took the deed of the sheriff therefor, and claimed title to it by virtue of that deed.

The defendant N. A. Jackson, on the 11th day of October, 1872, executed to J. and E. B. Stowe his two promissory notes, each for $1000, and these, and certain of his other notes, were secured by a mortgage, of the same date with them, of the land mentioned and described in the sheriff's deed above referred to. These notes have not been paid, and they and the mortgage to secure them, as to them, were assigned to the defendant, the First National Bank of Charlotte, by J. and E. B. Stowe.

The execution of the mortgage deed was proven before the judge of probate of the county of Mecklenburg on the 3rd day of January, 1873, and his certificate of probate was duly attached thereto, and his official seal was placed thereon. The deed and the certificate of probate thereof were not exhibited to the judge of probate of the county of Cleveland, in which the land was situated, nor did he adjudge that the deed was duly proven, and order the same, with the certificate of probate thereto attached, to be registered in that county; but, acting upon the certificate of probate mentioned above, the register of deeds of the county of Cleveland registered the deed and the certificate thereto attached, in that county, on the 8th day of January, 1874.

The defendant, E. A. Morgan, objected to the admission of the mortgage deed in evidence, insisting that the same had not been proven and registered according to law, prior to the docketing of the judgment under which he purchased and claimed the land. He insisted, that it was essential to the validity of the registration of the mortgage deed, that it and the certificate of the probate judge of Mecklenburg county, should have been exhibited to the judge of probate of the county of Cleveland, and that he should have adjudged the deed duly proven, and ordered it and the certificate of probate attached to it to be reg-

10

istered. The Court overruled the objection and admitted the deed in evidence, and the defendant E. A. Morgan excepted.

These being the facts, the single question presented by the record in this appeal to be decided, is, was such registration of the deed valid? We think it was. The case of *Holmes* v. *Marshall*, 72 N. C., 37, was, in all material respects, like this. The elaborate and well-considered opinion of Justice Rodman in that case, took into consideration and construed all the statutes in respect to the registration of deeds and other instruments requiring registration, and the proving of them before judges of probate, and the Court held that "the provision requiring the certificate of probate by the probate judge of a county other than that of registration, to be passed on by the probate judge of the county of registration, is directory, and that a registration upon a probate which has not been so passed on, is not void." Regularly, the provision of this statute, requiring deeds and other instruments proven before judges of probate in counties other than the county where the land lies, and the other kind of property is situated, and the certificate of probate attached thereto, to be exhibited to the judge of probate of the latter county, and that he shall adjudge the same to be duly proven and order its registration, ought to be observed, but this requirement is directory only, and not of the essential requisites to registration; its purpose seems to be to secure greater, not essential, certainty as to the probate, and an orderly memorial of it in the county where the property conveyed is situated. The important thing required, with a view to registration, is, that the deed or other instrument requiring registration shall be proven before a tribunal or officer authorized by law to take and certify the probate.

The purpose of registration is to give authoritative public notice of deeds and other writings required by law to be registered, and their purpose, as expressed in them, to perpetuate them as evidence, and to make them *prima facie* evidence in all actions, proceedings and matters wherein they may be pertinent. The probate is not conclusive, except as to notice of the instrument,

and its purpose as expressed in it, when duly registered; it is an *ex parte* ascertainment, by authority by law, that the instrument registered is authentic and to be so treated by all persons affected by it, until in some proper way the contrary is made to appear. Now, when the instrument is proven, and the probate is certified as prescribed by law, and it is registered in the proper county, the essential purpose of registration and the law is served, and this is sufficient, notwithstanding some of the non-essential, yet helpful forms to be observed between the probate and registration of the instrument, have been omitted. The Legislature certainly has power to make forms essential, but unless it shall do so in plain terms, the failure to observe them, especially where they appear from their nature or terms to be directory, will not be allowed to defeat the chief purpose of a salutary statute. And so a statute requiring that the judge of the court should *sign* every judgment granted by him, has been held to be directory, and that a judgment that the judge failed to sign was not void. *Rollins* v. *Henry,* 78 N. C., 342; *Keener* v. *Goodson,* 89 N. C., 273.

It was insisted on the argument for the appellant, that taking *Holmes* v. *Marshall, supra,* to have been properly decided, it applied to a deed conveying only personal property, and it could not apply to the probate of deeds conveying real property, and that the learned judge who delivered the opinion in that case inadvertently omitted to consider the statute. (Acts 1868-'69, chapter 64.) We do not think so. It is not probable that so able a judge, and the whole Court, failed to see the statute referred to; but, be that as it may, the decision was put upon broad ground, and the scope of the reasoning, and the opinion, embraced deeds conveying both real and personal property; indeed, the statute mentioned as having been brought forward in Battle's Revisal, chapter 35, embraced both kinds of property. The statute subsequent in date (Acts 1868-'69, chapter 277, section 15,) to that above referred to, seems to have been intended to supersede the latter; it regulated the general subject as to both

real and personal property. But if the statute relied upon by the appellant's counsel, stood alone, the same reasoning and authorities would apply to it as were applied to the statute certainly construed.

The case cited was decided in 1875. It has been treated as a proper construction of the statute in question, and, as thus construed, it has been acted upon, no doubt, in many cases. To disturb it, would unsettle titles and give rise to much confusion and injustice. We cannot think of doing so.

The registration of the deed in question was sufficient.

The judgment must be affirmed.

No error.                                                     Affirmed.