J. W. EVANS v. J. W. ETHERIDGE et al.

*Deed—Registration—Probate—Commissioners of Affidavits—*
*Purchasers—Creditors.*

The registration of a deed or other instrument upon proof of execution
before a Commissioner of Affidavits, without the adjudication of
the Clerk of the Superior Court having jurisdiction, is invalid as
against creditors and purchasers for value. The distinction be-
tween probates by Clerks of the Superior Courts and Commis-
sioners of Affidavits pointed out.

CIVIL ACTION, tried before *Avery, J.,* at the Spring Term,
1887, of the Superior Court of the County of DARE.

By consent a trial by jury was waived and it was agreed
that issues of fact as well as of law should be tried by the
Court.

The material facts are in substance, that on the 21st of
May, 1886, the defendants J. W. Etheridge and his wife,
then and still residents of the District of Columbia, executed
a deed of trust to W. T. Brinkley conveying to him the
property therein and for the purposes named.

The deed of trust was delivered to the Register of Deeds
for the County of Dare and registered, and the following is
the certificate of probate and the certificate of registration:

DISTRICT OF COLUMBIA, }
COUNTY OF WASHINGTON. } *ss.*

I, Sam'l C. Mills, a Commissioner of Deeds and Affidavits
of the State of North Carolina, resident in the District of Co-
lumbia, do hereby certify that J. W. Etheridge and Carrie
F., his wife, personally appeared before me this the 22d day
of May, 1886, and acknowledged the due execution of the
foregoing deed. The said Carrie F. Etheridge, being by me
privately examined separate and apart from her said hus-

band touching her voluntary execution of the same, doth state that she signed the same freely and voluntarily, without fear or compulsion of her said husband or any other person, and that she doth still voluntarily assent thereto; and at the same time before me personally appeared W. T. Brinkley, the within mortgagee, and made oath in due form of law that the consideration in the foregoing is true and *bona fide* as therein set forth.

Witness my hand and seal this 22d day of May, A D. 1886.

SAM'L C. MILLS,

[COM'S SEAL.]      *Commissioner of Affidavits, &c.,*

*For the State of North Carolina,*

*District of Columbia.*

Received May 26th, 1886; registered in Book B, pages 389 and 390, June 14th, 1886.

The above deed of trust was registered in Book B, page 380, June 5th, 1886, without probate, by advice of Judge Albertson.

I hereby certify the foregoing to be a true copy of deed of trust as recorded in this office. This 6th day of November, 1886.

G. B. BLIVEN,

*Register of Deeds.*

The summons in this action was issued on the 28th of May, 1886, by J. W. Evans, the plaintiff, who was on the 21st of May, 1886, and has been continuously since, Clerk of the Superior Court of Dare County, and the same day that the summons was issued a writ of attachment was issued by the plaintiff in this action, which was levied May 31st, 1886, on the property conveyed in the deed of trust. It was admitted that the account sued on by the plaintiff is just and still due to him.

W. T. Brinkley died on the 4th of December, 1886, and soon thereafter the defendant J. W. Albertson qualified as his administrator, and on the 21st of December he was regularly appointed trustee in the place of the said W. T. Brinkley, deceased, to execute the deed of trust.

Upon the facts found it was, among other things, adjudged that the " deed of trust constitutes a lien upon the property therein conveyed from the 26th of May, 1886, and that said lien is superior to the lien of the attachment issued in this cause."

It was also adjudged that the plaintiff recover of the defendant Etheridge the sum of $441.11, with interest on $415.20 from May 9th, 1887, till paid, together with costs, to be paid from the proceeds of the sale of the property in controversy, after first paying the debt secured by the deed of trust, charges, &c.

To so much of the judgment as declared the deed of trust a lien upon the property from May 26th, 1886, and first to be paid, the plaintiff excepted and appealed.

*Mr. E. F. Aydlett*, for the plaintiff.
*Mr. E. C. Smith*, for the defendant.

Davis, J., (after stating the case).   Though the case states that the summons and writ of attachment were issued by the plaintiff, who was the Clerk, no question is raised as to their validity, that having been settled on a former appeal, (96 N. C., 42,) and the only question presented for our consideration is:  Was the deed from Etheridge and wife to W. T. Brinkley so proved and registered as to give it validity against creditors of the bargainor?   The appellee says it was; the appellant says it was not, andi nsists that an adjudication by the Clerk of the Superior Court that the deed was duly acknowledged or proved was an essential prerequisite to a valid registration.   He further insists that Samuel C. Mills had

ceased to be a Commissioner of Affidavits, &c., for the State of North Carolina on the 18th day of January, 1886, and was not such on the 22d day of May, 1886, and that he had no authority to take the acknowledgment of deeds, &c.; and for proof of this he refers to the lists of Commissioners of Affidavits, &c., as printed in the volumes of the Acts of 1885 and 1887, as required by §§ 636, *et seq.*, of *The Code*, which show that the said Mills was appointed on the 18th of January, 1884; that his term of office expired on the 18th of January, 1886, and that he was not thereafter appointed.

In addition to the requirement that the list of Commissioners, &c., be printed with the Acts of the General Assembly, § 634 makes it the duty of the Secretary of State forthwith, upon the appointment of such commissioners, to certify the same to the several Clerks of the Superior Courts of the State, and in like manner to certify to said clerks all removals of commissioners, and of all whose commissions have expired.

If the appellant is correct in either of these positions the judgment below is erroneous.

Section 1254 of *The Code* provides that "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors, * * * but from the registration of such deed of trust or mortgage in the county where the land lieth," &c.

It is necessary that all deeds, to be valid as against creditors or purchasers for value, &c., shall be proved in some of the modes prescribed by law and registered as prescribed. One of the modes is found in § 1250 of *The Code*, and is as follows: "Where the acknowledgment or proof of any deed or other instrument is taken or made in the manner directed by the laws of this State before any Commissioner of Affidavits for the State of North Carolina, appointed by the Governor thereof, in any of the States or Territories of the United States or in the District of Columbia, and where such acknowledgment or proof is certified by such commissioner,

the Clerk of the Superior Court having jurisdiction, upon the same being exhibited to him, shall adjudge such deed or other instrument to be duly acknowledged or proved in the same manner as if made or taken before him."

It is insisted by the appellees that the deed in question was proved in compliance with this section before a Commissioner of Affidavits, and that the adjudication of the clerk is only directory and not an essential prerequisite to registration, and that, having been registered upon the certificate of the commissioner, though without any adjudication and order of registration by the clerk, it is valid, and the purpose of registration being to give notice, the spirit and purpose of the law is fully met.    We are referred to a number of cases (*Young* v. *Jackson*, 92 N. C., 144; *Holmes* v. *Marshall*, 72 N. C., 37, and other cases) in which it was held that "the provisions requiring the certificate of probate by the Probate Judge of a county other than that of registration to be passed on by Probate Judge (the Clerk) of the county of registration, is directory, and that a registration upon a probate which has not been so passed on is not void."    The analogy between those cases and that before us is lost in the fact that the functions of the clerk are broader than those of the commissioner. He not only takes the proof or acknowledgment, but *adjudges* the fact "of due execution," whereas the Commissioner of Affidavits, and perhaps others, only take and certify the acknowledgment or proof.

"Probate of a deed is taken," says Pearson, J., in *Simmons* v. *Gholson*, 5 Jones, 401, "by hearing the evidence touching the execution; *i. e.*, the testimony of witnesses or the acknowledgment of the party, and from that evidence *adjudging the fact* of its execution.

"Where the evidence is offered to the Court the entire probate is taken by it, but where the agency of a commissioner is resorted to, a part of the probate, *i. e.*, hearing the evidence, is taken by him and certified to the Court, and thereupon

the probate is perfected by an adjudication, that the certificate is in due form and that the fact of the execution of the deed is established by the evidence so certified."

In cases of probate before clerks who can both take the evidence and adjudicate the fact, it has been held that, though it ought not to be omitted, the *fiat* of the clerk of the county of registration is not an absolute prerequisite to a valid registration, but the validity of the registration in such cases rests upon the fact that there has been an adjudication of "due execution" by an officer competent to both hear evidence and adjudicate.

The Register has no authority to put the deed upon his books unless proved and so adjudged in some one of the modes prescribed by the statute. "The probate is his warrant for doing so," and if registered without this warrant it does not create such an equity in the mortgage trustee as to affect creditors or subsequent purchasers for value.

It was so adjudged in *Todd* v. *Outlaw*, 79 N. C., 235, and we refer to that case and the authorities there cited.

We conclude that the deed from Etheridge and wife to Brinkley was registered without proper warrant therefor, and that such registration did not give it validity as against the plaintiff, who was a creditor.

This renders it unnecessary for us to consider the second point made by the appellant.

There is error.