BASIL DEVEREUX v. M. MCMAHON et al.

*Deeds, where to be proven; form of certificate of, probate and order of registration—Witness making his Mark—The Code,* § 1246.

1. *The Code,* § 1246, authorizes the proof of a deed to be made before the Clerk of the Superior Court of the county in which the subscribing witness resides, although the land conveyed lies in another county: and when a deed is thus proven, but the certificate of the Clerk is silent as to the residence of the witness, it will be presumed that the witness resided in the county of the Clerk before whom the deed was proven, under the maxim *omnia presumuntur rite esse acta.*

2. When an order of registration is intelligible, and the essential substance thereof appears, it will be upheld without regard to mere form. "*Let the instrument of the certificate be registered*" will do.

3. One who cannot write his name is competent as a witness to a deed. Making his mark is sufficient.

CIVIL ACTION, tried before *MacRae, J.,* at January Term, 1889, of HALIFAX Superior Court.

The facts are stated in the opinion.

This is an action to recover land, and the pleadings raised issues of fact. On the trial the plaintiff offered in evidence what purported to be a deed of conveyance, to the admission of which the defendants objected. The Court, " being of the opinion that the *probate* was insufficient, sustained the objection," and the plaintiff excepted. He, thereupon, suffered a judgment of nonsuit, and appealed to this Court.

The following is a copy of so much of the deed mentioned, and the certificates of probate and registration thereof, as it is necessary to report here:

" In witness whereof, the said Thomas Alexander hath hereunto signed his name and affixed his seal, the day and date above written.

" Witness: + [Seal.]

" Signed, sealed and delivered in presence of John + Cobb,. witness, toward of what was said Thomas Alexander did agree to the deed. SOLOMON DAVIS.

" STATE OF NORTH CAROLINA,
" NASH COUNTY.

" I, Jno. T. Morgan, Clerk of the Superior Court, do hereby certify that the execution of the annexed deed was this day proven before me by the oath and examination of Solomon Davis, the subscribing witness thereto, who says that the deed was signed and delivered in his presence January 13, 1888, to the grantee, for the purposes therein expressed.

" Witness my hand and official seal, this 20th day of January, A. D. 1888.

" (Signed) JNO. T. MORGAN,
" *Clerk Superior Court.*"

[Seal of Nash Superior Court.]

"STATE OF NORTH CAROLINA, ⎫ In the Superior Court,
    "HALIFAX COUNTY.         ⎭      *February* 9, 1888.

"The foregoing certificate of Jno. T. Morgan, Clerk of the Superior Court of the county of Nash, duly attested by his official seal, is adjudged to be correct.

"Let the instrument of the certificate be registered.

"JOHN T. GREGORY,
"*Clerk Superior Court.*

"Registered 9th February, 1888."

*Mr. R. O. Burton*, for the plaintiff.
*Messrs. W. H. Day* and *T. N. Hill*, for the defendants.

MERRIMON, J.   It seems that no question was raised on the trial, as to the sufficiency of the deed itself, by the maker thereof, on the ground that he simply made his *cross-mark* and annexed to it his seal.   No such question is raised by the assignment of error for our decision.

That one of the subscribing witnesses made his *cross-mark* in identifying himself as such with the deed is no sufficient objection.   Though he could not write, he might be eligible for such purpose and make his mark.   *State* v. *Byrd*, 93 N. C., 624; *Tatum* v. *White*, 95 N. C., 453; *Pridgen* v. *Pridgen*, 13 Ired., 259.

The awkward and informal form of the attestation of the second subscribing witness to the deed did not render him less such witness.   It seems that he intended to say, in subscribing his name, that the maker of the deed acknowledged the execution of it before him, but whether he so meant or not, he was such a witness and could testify as to its execution before the probate officer.

The land embraced by the deed in question is situate in the county of Halifax.   The deed was proven by a subscribing witness thereto before the Clerk of the Superior Court of the adjoining county of Nash, and his certificate as to the proof of the deed does not state that this witness lived in

that county. It is contended that, under the statute pertinent, the certificate is therefore void. We do not think so.

The statute (*The Code,* §. 1246) prescribing how deeds shall be proven, provides, among other things, that "when the grantor, maker or *subscribing* witness resides in the State, but not in the county wherein *the land lies,* such deed, letters of attorney or other instrument requiring registration, must be acknowledged by such grantor or maker, or proved by the oath of such subscribing witness, before a Judge of the Supreme or of the Superior Court, or the Inferior Court, or a Notary Public, or Justice of the Peace of the county wherein the grantor, maker or *subscribing witness resides,*" &c. Now the certificate of the Clerk of the Superior Court of the county of Nash states, " that the execution of the annexed deed was this day proven before me by the oath and examination of Solomon Davis, the subscribing witness thereto," &c. The fair inference is, that the witness thus mentioned was the same identical person who witnessed the " annexed deed," and that he resided, at the time he so took his oath and was examined, in the county of Nash. The presumption is he did ; it is not to be presumed, nothing to the contrary appearing, that the probate officer would take proof of the deed otherwise than in the case allowed by law ; the presumption is just the reverse. *Omnia presumuntur solemniter esse acta.*

If the certificate had said, "the annexed deed was this day proven before me by the oath and examination of," &c., and had omitted the other words, " who says that the deed was signed and delivered in his presence," &c., that would have been sufficient in such respect. The words last quoted were unnecessary, but as they were used, and are not as full in stating what the witness said as might be desired, still they do not render the proof insufficient.; taking them in connection with other words to which they refer and with which they have proper relation, they imply in substance and effect

that the "annexed deed"—the instrument under seal—having a seal—was "signed and delivered" in the presence of the witness.

The certificate sufficiently identifies the deed, and the single bargainor and single bargainee therein. It mentions and refers to "the annexed deed;" it states "that the execution of the annexed deed was this day proven," &c. What deed? Whose deed? Executed by whom? Plainly, certainly, the deed annexed to the certificate, executed by the bargainor, Thomas Alexander, to the bargainee, Bazil Devereux, therein named. The words of the certificate, in their plain meaning and application, as certainly imply and refer to the deed and the persons just named as if these persons had been expressly named in it in their proper relations, as bargainor and bargainee, as regularly and properly they should have been, and they cannot refer to any other person or persons. So that, in this respect, the probate is sufficient.

The statutory provision recited above was in force at the time the Clerk of the Superior Court of the county of Nash took the proof of the deed, and expressly conferred on him the authority to take such proof, if the subscribing witness to the deed resided in that county at that time, and, as we have seen, it must be taken that he did reside there then. Nothing to the contrary appears.

The certificate was properly authenticated by the official signature of the Clerk and the seal of the Court. The deed and this certificate thereto attached being exhibited to and before the Clerk of the Superior Court of Halifax County, where the land was situate, he had authority, conferred by a further express provision of the same statute, to adjudge thereupon that the deed was proven, and to order the registration thereof, as he did do, substantially and sufficiently, though not in a very formal manner. His order certainly refers to and is based upon the certificate annexed to the deed, and it "is adjudged to be correct"—that is, that the proof is

DEVEREUX *v.* McMAHON.

taken correctly, and thereupon, it is further ordered by him, "that the instrument (the deed) of the certificate (the instrument, the deed attached to it, and therefore, of it) be registered." The adjudication of proof of the deed is informal, but the substance of it, and the order to register the deed based upon it, sufficiently appear. The whole purpose, the deed, the certificate of proof thereof, the adjudication of proof thereof, and the order of registration, and their bearing each upon the other, in order and relation, appears, however informally, and this is sufficient. When an order or judgment is intelligible, and the essential substance thereof appears, it will be upheld, without regard to mere form. *Holmes* v. *Marshall*, 72 N. C., 37; *Young* v. *Jackson*, 92 N. C., 144; *Evans* v. *Etheridge*, 99 N. C., 43.

We, therefore, are of the opinion that the probate of the deed in question was sufficient. Hence, there is error. The plaintiff is entitled to a new trial.

Error                                    *Venire de novo.*