JAMES & MAYER BUGGY COMPANY v. T. H. PEGRAM, JR., et al.

*Commissioners of Deeds—Probate and Registration of Deeds— The Code, § 632.*

1. Under *The Code,* § 632, Commissioners of Affidavits have full authority to take the acknowledgment, within the States for which they are appointed, of the grantors to any deed or conveyance of lands in this State, and to take the private examination of *femes covert.* Therefore, where a man and his wife, being residents of this State, duly acknowledged a deed before a Commissioner in Virginia, to which State they had gone on a visit merely, and the certificate of the Commissioner, being in due form, was approved by the Clerk of the Superior Court of the county in which the land was situate, and the deed duly *recorded,* the registration was valid.

2. The powers of Commissioners, as defined by ch. 21, § 2, Rev. Stat., and *Decoury* v. *Barr,* were subsequently enlarged by ch. 21, § 2, Rev. Code, which is almost the same as *The Code,* § 632.

CIVIL ACTION, tried at February Term, 1889, of FORSYTH Superior Court, before *Philips, J.*

The defendant T. H. Pegram, Jr., on the 31st of October, 1887, executed his promissory note for value to plaintiff for three hundred and thirty four dollars and thirty cents, upon which, at May Term, 1888, of said Court, the plaintiff recovered judgment for the full amount of the debt, with interest and costs, and no part of said judgment has been paid. On the fifth day of December, 1887, said Pegram executed a deed of trust, conveying his personal property and a town lot to the defendants Buxton and Grogan, for the benefit of his creditors, with a power of sale, and said trustees have sold, and after satisfying some liens prior to said deed of trust on said lot, out of the proceeds of sale, have now on hand a sufficient balance to pay plaintiff's debt in full.

The foregoing facts are allegations of the complaint not denied.

The plaintiff, in his complaint, alleges further:

6. T. H. Pegram, Jr., and his wife Helen L. Pegram, at the time of the execution of the above mentioned deed of trust, were citizens and residents of the town of Winston, county of Forsyth, State of North Carolina, both having been born and reared in said State, as plaintiff is informed and believes, and had been such residents and citizens for many years previous to said assignment to Grogan and Buxton, and that they are still citizens and residents of the State of North Carolina. And that said Pegram had been for many years previous to assignment engaged in business in the town of Winston.

7. That said deed of trust was drafted by an attorney residing in the county of Forsyth, State of North Carolina, and was taken by said Pegram from this State to the city of Richmond, State of Virginia, whither he and his wife were going for a pleasure trip of only a few days, and there acknowledged by them in the following form:

(The Commissioner's certificate of acknowledgment and private examination, the Clerk's certificate, adjudging the Commissioner's certificate to be in due form, and ordering the registration of the deed, and the certificate of the Register of Deeds, all of which were in the usual form, were here set out in full.)

8. That before the beginning of this action the plaintiffs demanded of all the defendants the payment of said promissory note, which demand was refused.

9. That the defendant T. H. Pegram, Jr., has no other property or effects, liable to execution, sufficient to satisfy the judgment of the plaintiffs, he also being irredeemably insolvent beyond the property embraced and named in the above deed of trust.

Wherefore, the plaintiff demands judgment:

1. That said deed of trust be declared null and void as to the plaintiff.

2. That the assignees, Grogan and Buxton, be held and declared trustees for the plaintiff of the money received by them from the sale of the real and personal property attempted to be conveyed in said deed of trust, or of so much thereof as will satisfy the judgment of the plaintiff; and for such other and further relief as the plaintiff may be entitled to.

All of the allegations of the complaint were admitted in the answer, except that the defendants denied that the wife of T. H. Pegram went to Richmond on a pleasure trip, and averred that she was an invalid, and went there to be treated by a physician, expecting to be away for an indefinite period for that purpose.

The only question discussed was whether the acknowledgment of the deed of trust before the Commissioner was valid, and from the ruling of the Court, that the deed of trust was not properly proven, defendants appealed.

The judgment was as follows:

" This cause coming on to be heard, upon motion of J. L. Patterson, attorney for plaintiff, for judgment upon the complaint and answer filed, it is now adjudged, after argument for both plaintiff and defendants, that upon the complaint and answer the plaintiff do recover of the defendants the sum of $358.32, and interest from the 16th day of February, 1889, on the said $358.32, and the costs of this action, and that said assignees be declared trustees of the proceeds of said sale of real and personal property described in the complaint, and that said deed of trust be null and void so far only as the plaintiff in this action is concerned."

*Mr. J. L. Patterson* (by brief), for plaintiff.
*Mr. J. C. Buxton*, for defendants.

AVERY, J. (after stating the facts). We think that *The Code* (§ 632) confers upon Commissioners of Affidavits, regu-

larly appointed, full authority to take the acknowledgment, within the State for which they are appointed, of the grantors of any deed conveying lands lying in this State, and, when necessary, to take the privy examination of a married woman, who is a grantor, joining her husband in the execution. When the certificate of such Commissioner is adjudged correct by the Clerk of the Superior Court of the county in which the land lies, and the deed is registered upon the order of the latter, the registration will be deemed valid for all purposes. If a deed of trust is so proven and registered in obedience to the order of such Clerk, after adjudication by him, it will be effectual to pass the title of land or other property conveyed in the deed to the trustee, and will create a lien, as against subsequent purchasers for value, or docketed judgments of later date, in favor of the *cestui que trust* named in the deed.

It is not material in such cases, whether the grantors, or either of them, are, at the time of the execution of the deed or deed of trust, residents of this State, or domiciled in the State in which the acknowledgment is taken. Counsel contended that the ruling of this Court, in the case of *Decourcy* v. *Barr*, Busb. Eq., 181, is decisive of the question raised in this case. We cannot concede the position to be tenable. The Court, in that case, construed section 2, chapter 21, of the Revised Statutes, as empowering Commissioners of Affidavits to take the acknowledgments of non-residents only, upon the ground that the section declared that the acknowledgment should have " the same power and effect," &c., as if the same had been made " before some one of the judges of supreme jurisdiction in any other State." Section 5, chapter 37, of the Revised Statutes, authorizes judges of courts of supreme jurisdiction in other States to take the acknowledgment of grantors residing " in any of the United States *other than this State*." The Revised Code was enacted at the next session of the General Assembly held after that decision was

rendered, and the law (as embodied in sec. 2, ch. 21, Rev. Code) seems to have been drawn with the purpose of enlarging the powers of Commissioners of Affidavits, and enabling them to take and certify acknowledgments of grantors of deeds, whether they were non-residents, or residents of this State temporarily absent from the State. The section last mentioned has been in force since its enactment by the Legislature of 1854–'55, being almost the same as section 633 of *The Code*. The latter gives to acknowledgments, taken before Commissioners of Affidavits, "the same force and effect, for all purposes, as if the same had been made or taken before any competent authority in this State." It does not seem that any serious doubt has been entertained as to the true meaning of the law now in force since the case of *Simmons* v. *Gholson*, 5 Jones, 401 was decided. It has been considered as conferring upon a Commissioner of Affidavits the same authority to take the proof of executions or the acknowledgment of grantors, who may be in the State for which they were appointed (whether there temporarily or as residents), as to the execution of deeds conveying land or other property located in this State, that are required or allowed by law to be registered—that is, given by law to the Clerk of the Superior Court of the county in which the land lies; but the Clerk has power to adjudge that the execution has been properly proven and order the registration, while the Commissioner is *functus officio*, as to any given deed, when he has attached to it his certificate as to proof or acknowledgment of its execution. *Evans* v. *Etheridge*, 99 N. C., 43 ; *Simmons* v. *Gholson*, *supra*.

The plaintiff is not entitled to judgment against the defendants Buxton and Grogan. He has already recovered judgment against the defendant Pegram.

Error.                                                    Reversed.