## W. A. DEANS v. SALLY PATE.

*Deed—Probate by Clerk—Notary's Seal—Contingent Right of Dower and Homestead.*

1. Where an acknowledgment of a deed was made before an officer authorized to take it and was, in fact, in due form, the adjudication by the Clerk of the Superior Court of the county where the land lies that "the foregoing instrument has been duly proved, as appears from the foregoing seal and certificate," is sufficient although not following the words of the statute (*The Code,* ₰1246 [3]) that it is in "due form."

2. The statute authorizing a notary public to take acknowledgment of deeds does not require that his name or any name shall be used in the notarial seal, and the seal appended to the certificate is presumably his in the absence of evidence to the contrary; hence, where the fact of the execution of a deed by a notary public is adjudged to have been proved by such seal and certificate, it is not rebutted by the mere fact that the notary signs his name "Geo. Theo. Sommer" and the seal has on it the name of "Theo. Sommer."

3. Where the only interest that a *feme* defendant in an action by the grantee of her husband and herself to recover the land is her contingent right of dower, her failure to sign the deed or to be privily examined will not affect the right of the plaintiff to recover.

CIVIL ACTION to recover possession of land, tried before *Shuford, J.,* and a jury, at October Term, 1893, of WAYNE Superior Court.

The plaintiff offered in evidence a deed purporting to be from R. B. Pate to W. A. Deans, dated May 12, 1892. The wife's name appeared in the body of the deed, but was not signed thereto.

The following certificates were appended to the deed:

"STATE OF NEW YORK—New York County.

" I, Geo. Theo. Sommer, do hereby certify that R. B. Pate personally appeared before me this day, and acknowledged the due execution of the annexed deed.

"Witness my hand and seal, this 23d day of May, 1892.
                              " GEO. THEO. SOMMER,
                                 " Notary Public, Kings Co."
    " Certified in New York Co."

" NORTH CAROLINA—Wayne County.

    "I, C. F. Herring, C. S. C., do hereby certify that the foregoing instrument has been duly proven, as appears from the foregoing seal and certificate.    Let the same, with said certificates, be registered.

    "Witness my hand and official seal, this 20th day of July, 1892.                         C. F. HERRING,
                                    " Clerk Superior Court."

The defendant objected to the introduction of said deed on the ground that the same purports to have been proven before Geo. Theo. Sommer, a notary public of the State of New York, and was not authenticated by his seal, but, on the contrary, purported to be authenticated by the notarial seal of Theo. Sommer.

The plaintiff stated that he had no evidence that the said Geo. Theo. Sommer is the same person as Theo. Sommer, except such as might appear from the deed itself and the certificate of the Clerk.

The defendant further objected to the introduction of said deed on the ground that the certificate of probate did not appear to have been adjudged to be in due form by the Clerk of the Superior Court of Wayne County.    The Court, being of opinion with the defendant, sustained the objection and excluded the deed, and the plaintiff excepted.

The plaintiff thereupon offered to prove that the signature to the deed was in the handwriting of R. B. Pate, and that the deed was delivered to the plaintiff by said Pate, and to prove further that the defendant is his wife, and

claims possession of the land by virtué of her marital rights. The Court, being of opinion against the plaintiff, excluded the evidence, and the plaintiff excepted.

The plaintiff then stated to the Court that the said deed was a necessary link in his claim of title, and without it he could not recover, and thereupon submitted to a nonsuit and appealed.

*Messrs. Allen & Dortch,* for plaintiff (appellant).
*Mr. W. C. Munroe,* for defendant.

CLARK, J.: The adjudication by the Clerk of the Superior Court of Wayne that "the foregoing instrument has been duly proved, as appears from the foregoing seal and certificate," does not follow the very words of the statute (*The Code,* §1246 [3] ) in that it does not adjudge that said probate is "in due form." But it is intelligible and means substantially the same thing and " will be upheld without regard to mere form," as was said in *Devereux* v. *McMahon,* 102 N. C., 284. The acknowledgment was before an officer authorized to take it and probate was in fact in due form. The omission, therefore, of the Clerk to adjudge in just so many words that the probate was "in due form" when in substance he did so adjudge, was not sufficient ground to exclude the deed.

The notary public used a seal as his own. The statute does not require that his name, or any name should be used on the notarial seal, though customarily the name of the notary does appear thereon. The seal appended by the notary to his certificate is presumably his, in the absence of evidence to the contrary. This is not rebutted by the mere fact that the notary signs his name " Geo. Theo. Sommer " and the seal has on it the name of " Theo. Sommer," when the fact of the execution of the deed is adjudged to have been proved by such seal and certificate of the notary.

If the only interest the *feme* defendant had in the land was her contingent right of dower, her failure to sign the deed or be privily examined would not affect the right of the plaintiff to recover at this juncture, since the grantor being a non-resident no right of homestead is involved. Should the *feme* defendant survive her husband her right to dower would then arise. *The Code,* §2106, and cases cited. Or, if she has other interest in the premises than the inchoate right of dower, she can assert it on the trial.

In excluding the deed upon the above grounds the Court erred. The nonsuit must be set aside to the end that there may be a                                           New Trial.