ELIZABETH LANE, Administratrix of JOSEPH LANE v. F. S. ROYSTER, Administrator of O. C. FARRAR.

### *Trust—Compensation of Trustee.*

Where defendant's testator received as trustee certain notes against a corporation from plaintiff's intestate which were exchanged for stock in the reorganization of the company and the stock issued in the name of defendant's testator became thereafter much more valuable than the notes ; *Held*, that, in ascertaining the amount due the plaintiff's intestate, the defendant, whose testator retained the stock, cannot have credit for the services of his testator in obtaining the stock. If, in such case, compensation for such services is demanded, the defendant should surrender the stock procured by the services for which pay is asked.

LANE *v.* ROYSTER.

CIVIL ACTION, tried at Fall Term, 1895, of EDGECOMBE Superior Court, before *Boykin, J.*, and a jury. The facts are stated in the opinion of Associate Justice CLARK.

For error in the instruction to the jury that defendant was entitled to a credit for the services rendered by his testator in obtaining the stock which the latter retained, the plaintiff appealed.

*Mr. G. M. T. Fountain*, for plaintiff (appellant).
*Messrs. Staton & Johnston* and *H. G. Connor*, for appellee.

CLARK, J.: The defendant's testator, O. C. Farrar, took into his possession some evidences of indebtedness which were held by Joseph Lane, who was *non compos mentis*, against a factory company, and exchanged this indebtedness on the reorganization of the company into stock which is now much more valuable. The court charged the jury " to find the value of said indebtedness and that in arriving at the amount due the plaintiff, they should consider the services of O. C. Farrar and say from the evidence what the same were reasonably worth and deduct this from what they should find to be the value of the said indebtedness of the mills to Joseph Lane, or the value of the stock issued to O. C. Farrar." This was excepted to and was erroneous.

The instruction treats the indebtedness as identical in value with the stock issued in exchange for it, which probably was correct as to the values at the time of the exchange. If the plaintiff were seeking the delivery of the stock, or the defendant was offering to deliver it to the plaintiff, it would be proper to deduct from the present value of the stock any proper allowance for the services of O. C. Farrar in bringing about the exchange of the

stock of the company for the said indebtedness.   But the
defendant is making no disclosure of the value of the
stock, which the complaint alleges is now over $5,000,
and is not offering to return it.   To allow the defendant
to hold on to the stock with its enhanced value undis-
closed, and yet to permit him to be credited with $500 for
Farrar's services in making the exchange, is simply to
grant him the whole benefit of the exchange into stock,
and $500 allowance for serving his own interests so well.
Plainly, either the defendant should surrender the stock
and be credited with a reasonable charge for his testator's
services or, if the defendant accounts only for the value of
the indebtedness, he should not be credited for the value
of his testator's services in turning the indebtedness into
the stock.

It was error to charge the jury to " deduct what Far-
rar's services were reasonably worth from what they should
find to be the value of the indebtedness of the mills to
Joseph Lane " or " from the value of the stock (when)
issued to O. C. Farrar."   As Farrar retained the stock
himself, he cannot be paid by Lane for services in getting
the stock, and, if his estate is to be credited with the serv-
ices, it must surrender to the plaintiff the stock procured
by services which the plaintiff pays for.   It is noteworthy
that Farrar at the time paid no money and gave no note
to Lane for the indebtedness which would seem to indicate
that the truth of the transaction was that he did not buy
the idebtedness of Lane, but took it in hand to manage
for him.   If so, Lane's estate is entitled to the present
value of the stock, or rather its highest value since demand
made, subject to a reasonable charge for Farrar's services
in exchanging the indebtedness, which he held as a fidu-
ciary for Lane into the stock.   If Farrar could charge

118—11

Lane for services, the stock should be decreed to be held in trust for Lane, and Farrar's estate is liable for its value, at this time, or at any time since plaintiff elected to end the trust by a demand.

New Trial.