M. E. COZAD AND H. O. COZAD v. McADEN ET AL.

(Filed 4 March, 1909.)

**Deeds and Conveyances—Probate—"Due Form"—Adjudged to be Correct.**

When a deed has been acknowledged before an officer authorized to take it, and it appears that the probate was in fact in due form and was presented for probate to the resident clerk, who examined it and adjudged it to be correct, it is a valid probate, though the clerk did not in so many words certify that it was in due form, and its exclusion from evidence on the ground of defective probate, when otherwise competent, is erroneous.

ACTION brought to remove a cloud upon plaintiffs' title, heard before *Guion, J.,* and a jury, at March Term, 1908, of GRAHAM.

Plaintiffs, in developing their own title, offered in evidence two deeds covering the land in question, one from W. H. Herbert and wife to Benjamin P. Hineman, dated 1 February, 1867, and recorded in Graham County, 3 September, 1906; the second deed from Benjamin P. Hineman and wife to R. H. Stephenson, dated March, 1868, and registered in Graham County 17 April, 1893. Objection was made to the introduction of these deeds, for that same had been registered without proper or sufficient probate. The objection was sustained, and in deference to this ruling the plaintiffs, having duly excepted, submitted to a nonsuit and appealed. The case having been heard on appeal, this Court sustained the ruling of the trial court, the opinion being reported in 148 N. C., 10. A petition to rehear the cause having been formally allowed, the case is again before us on that order.

*Zebulon Weaver, F. S. Johnson* and *T. A. Morphew* for plaintiffs.

*Dillard & Bell, Merrick & Barnard* and *Tillet & Guthrie* for defendants.

PER CURIAM: The probate to which objection was taken, and on which each of the deeds had been registered, was as follows:

"Acknowledgment by the grantors having been duly made in proper form before Samuel S. Carpenter, a commissioner of

affidavits for the State of North Carolina, in Ohio, and annexed and certified, was presented to the Clerk of the Superior Court of Graham County, N. C., and said officer made and entered on each of said deeds the following order:

"North Carolina—Graham County.

"The foregoing certificate of Samuel Carpenter, a commissioner of deeds for North Carolina, in Ohio, is adjudged to be correct. Let the deed and this certificate be registered. .

"S. A. Carpenter,

"April 17, 1893.              *Clerk of Superior Court."* .

And the law affecting the validity of a probate is contained in The Code of 1883, ch. 271.

Construing the sections of the statute which control the question, and those of kindred significance, our Court has heretofore held in several cases that the judgment of the Clerk of the Superior Court of Graham County, made and entered in reference to these papers, is a proper and sufficient compliance with the requirements of the statute and constitute a valid probate, authorizing registration. .Thus, in section 1246, subsec. 2, being the section applicable, "When the grantor," etc., "resides in the State, but not in the county, where the land is situate," the subsection provides for an acknowledgment before a judge of the Superior Court or Supreme Court, or before a clerk of the Superior Court, Supreme Court, notary, etc., "where the grantor or subscribing witness resides." And, further, "and the clerk of the Superior Court of the county where the land lies, upon the exhibition to him of such deed," etc., "together with the certificate of acknowledgment, shall adjudge said deed," etc., "to be duly acknowledged and proved, in the same manner as if taken and made before him," etc.

And in *Devereux v. McMahon,* 102 N. C., 284-288, the clerk of the court where the land lay, on the certificate, adjudged as follows: "The foregoing certificate of John T. Morgan, Clerk of the Superior Court of Nash County, is adjudged to be correct. Let the instrument and the certificate be registered." And the Court held this to be a compliance with the above-stated requirement of the subsection. *Merrimon, J.,* delivering the opinion,

said: "His order certainly refers to and is based upon the certificate annexed to the deed, and it 'is adjudged to be correct'—that is, that the proof is taken correctly; and thereupon it is further ordered by him 'that the instrument (the deed) of the certificate (the instrument, the deed attached to it and, therefore, of it) be registered.' The adjudication of proof of the deed is informal, but the substance of it, and the order to register the deed based upon it, sufficiently appear. The whole purpose—the deed, the certificate of proof thereof, the adjudication of proof thereof and the order of registration, and their bearing each upon the other, in order and relation—appears, however informally, and this is sufficient. When an order or judgment is intelligible, and the essential substance thereof appears, it will be upheld, without regard to mere form."

It will be noted that the requirement for adjudication, as expressed in this subsection, is in identical terms with that of section 1250, the section which bears directly on this matter; and while the principle involved in the case is not entirely the same, as an interpretation of the language used, the decision is an apt authority in support of the view we now take of this probate.

And in *Buggy Co. v. Pegram,* 102 N. C., 540, the proof was taken before a commissioner of affidavits for North Carolina, in Richmond, Va. The probate was upheld. In this case the exact language of the clerk's adjudication does not appear in the printed volume of the reports, but an examination of the record discloses that the language is identical with that used in the order we are considering, and the same was approved and sustained as valid.

Again, in *Deans v. Pate,* 114 N. C., 194, where the acknowledgment was before a nonresident notary public, the order of the clerk was to the effect that "I . . . . . ., clerk, do hereby certify that the foregoing instrument has been duly proven, as appears from the foregoing seal and certificate. Let the same, with this certificate, be registered." The probate was approved as sufficient, and the present Chief Justice, delivering the opinion, expressed, we think, the true principle correctly, as follows: "The adjudication by the Clerk of the Superior Court of Wayne

that 'The foregoing instrument has been duly proven, as appears from the foregoing seal and certificate,' does not follow the very words of the statute (The Code, sec. 1246, subsec. 3), in that it does not adjudge that said probate is 'in due form.' But it is intelligible and means substantially the same thing, and 'will be upheld, without regard to mere form,' as was said in *Devereux v. McMahon*, 102 N. C., 284. The acknowledgment was before an officer authorized to take it, and probate was in fact in due form. The omission, therefore, of the clerk to adjudge in just so many words that the probate was 'in due form,' when in substance he did so adjudge, was not sufficient ground to exclude the deed."

This provision as to an adjudication by the resident clerk in deeds, when the grantors reside out of the county where the land lies, or out of the State, has been the law in the same or substantially similar terms since 1868 and until 1899, when the very form used by the clerk in the present instance was declared to be the proper and approved form by statutory enactment. Revisal, sec. 1001. The authoritative interpretation of the statute applicable, as indicated in the decisions referred to, has been the received and accepted construction since 1889, and has no doubt been acted on in the probate of numerous deeds and instruments, constituting essential links in many titles in the State; and whatever the opinion of the Court might be if it were an open question, we are, on reflection, now assured that, according to established and well-recognized principles of law and public policy, the authoritative decisions of this Court formerly announced should be adhered to; and we are therefore of opinion that the decision heretofore made in the cause should be reconsidered, and the ruling of the lower court in excluding these deeds by reason of an insufficient probate should be reversed and a new trial awarded.

There is nothing in this position that in any way conflicts with the cases which have come before the Court relative to this question. It has been uniformly held, since the enactment of the statute controlling this matter in 1868, when the acknowledgment of a deed or other instrument requiring registration

150—14

has been taken before some official outside of the State, that, in order to a valid probate, the deed, with a proper certificate, should be presented to the resident clerk for approval, and there should be an express adjudication to that effect by the local officer.  There are also decisions to the effect that in cases of the kind indicated a simple order of registration by the resident clerk is insufficient.  There must, as stated, be an express adjudication by him as to the acknowledgment, but none of them conflicts with the position we now uphold, that when an acknowledgment of a deed has been made before an officer authorized to take it, and was in fact in due form, and the deed, with a proper certificate, has been presented for probate to the resident clerk, who examines the same and adjudges it to be correct, such certificate and order are a sufficient compliance with the statutory provision and constitute a valid probate.  Nor is there any conflict with the decision of this Court in *Johnston v. Lumber Co.,* 147 N. C., 249.  In that case the deed in question was probated in 1859, and the statute applicable, as stated in the opinion, was the Revised Code, ch. 37, sec. 5, which did not require that the local officials should approve the acknowledgment and certificate by express adjudication, and the deed was therefore properly admitted to registration without it.  The probate of deeds, since the enactment of the law applicable to the present case, was not presented, and the form and effect of the adjudication required under the present statute was not considered or determined.

This opinion will be certified, to the end that judgment of nonsuit be set aside and a new trial had.

Reversed.