RUDOLPH KLEYBOLTE & CO. v. THE BLACK MOUNTAIN
TIMBER COMPANY et al.

(Filed 8 January, 1910.)

1. Deeds and Conveyances—Probate—Certificates—Adjudication—
   Substantial Compliance—Sufficiency—Supreme Court—Appeal
   and Error.

   A substantial requirement with Revisal, secs. 999 and 1001, is
   all that is necessary to be observed by the Clerk of the Superior
   Court of the county wherein the land lay, in passing upon the
   certificates to a deed thereto made and executed in another
   State; and when objection to the validity of registration is made
   on that ground and it appears of record on appeal that the certifi-
   cates made in such other State are in fact sufficient, the validity
   of the registration will be declared and upheld by the Supreme
   Court.                                                          ,

2. Deeds and Conveyances—Probate—Certificates—Adjudication—
   Substantial Compliance.

   When a deed in trust made and executed beyond the borders of
   this State conveying lands herein has been there acknowledged
   and probated before a notary public, and (unnecessarily) the
   Clerk of the Supreme Court, in compliance with a statute there,
   has certified the official character of the notary and his authority
   as such, it is a sufficient compliance with Revisal, secs. 999 and
   1001, for the Clerk of the Superior Court of the county wherein
   the land lay, to certify that "the foregoing and annexed certifi-
   cate of (naming the clerk), a clerk of the Supreme Court, etc.,
   duly authenticated by his official seal, is adjudged to be correct,
   in due form and according to law, and the foregoing and annexed
   deed of trust is adjudged to be duly proved, etc."

APPEAL by defendants from *Ferguson, J.,* July-August Term,
1909, of SWAIN.

The facts are stated in the opinion of the Court.

*Bryson & Black* for plaintiff.
*Adams & Adams* and *W. P. Brown* for defendant.

WALKER, J. This action was brought by the plaintiffs to fore-
close a deed of trust executed by the defendant, Black Mountain
Timber Company, to them, 22 February, 1907. The Nantahala
Transportation Company claims a lien upon the property de-
scribed in the deed of trust, by virtue of a warrant of attach-
ment, issued in an action wherein the said company is plaintiff
and the timber company is defendant, and levied upon the said
property 2 September, 1908. The only question in the case, as
admitted in the appellant's brief, is whether the deed of trust
was properly probated and registered, so as to prevent any lien

being acquired by the transportation company under the levy of the warrant of attachment.

It appears from the certificates of probate annexed to the deed, and which were registered with it, that the execution of the deed of trust was duly acknowledged before Edward Carroll, Jr., a notary public in and for the county of Westchester, N. Y., on 12 February, 1907. The certificates, which are annexed to the deed, are in due form. The Clerk of the Supreme Court for the County of New York, in said State, certified, under the provisions of a statute of that State, that at the time of taking the acknowledgment and probate of the deed of trust, Edward Carroll, Jr., having theretofore been duly commissioned, was a notary public, and that his commission had not expired, and, further, that he was duly authorized to take the proof and acknowledgment of the execution of the instrument. The Clerk of the Superior Court of the County of Swain, in this State, when the deed with the annexed certificates were exhibited to him, certified as follows:

"The foregoing and annexed certificate of Peter J. Dooling, a clerk of the Supreme Court in and for the county of New York and State of New York, duly authenticated by his official seal, is adjudged to be correct, in due form and according to law, and the foregoing and annexed deed of trust is adjudged to be duly proven.

"Let the foregoing and annexed deed of trust, together with the certificates and this certificate, be registered.

"Witness my hand, this the 20th day of February, 1907.

O. P. WILLIAMS,
*Clerk Superior Court Swain County.*"

The deed of trust and certificates were thereupon and on the same day filed for registration and duly recorded in the office of the register of deeds.

It is now contended by the plaintiff that the registration of the deed is invalid, because the certificate of the Clerk of the Superior Court of Swain County is defective, in that it does not conform to the requirements of sections 999 and 1001 of the Revisal of 1905. Section 999 provides as follows: "Whenever the proof or acknowledgment of the execution of any instrument required or permitted by law to be registered is had before any other official than the clerk or deputy clerk of the Superior Court of the county in which such instrument is offered for registration, the clerk or deputy clerk of the Superior Court of the county in which the instrument is offered for registration shall, before the

same shall be registered, examine the certificate or certificates of proof or acknowledgment appearing upon the instrument; and if it shall appear that the instrument has been duly proven or acknowledged, and the certificate or certificates to that effect are in due form, he shall so adjudge, and shall order the instrument to be registered, together with the certificates." We think the clerk substantially complied with the provisions of that section. To hold otherwise would be a perversion of justice and right, and nothing more nor less than "sticking in the bark."· The certificates are all before us, and *we* can˙ see that they *are* "in due form." It may be true that the certificate of the Clerk of the Supreme Court of New York, as to the authority of the notary public, was unnecessary, but it will be observed that the clerk makes two adjudications—first, that the certificate of the said clerk is "in due form and according to law"; and, second, that "the foregoing and annexed deed of trust is adjudged to be duly proven." From what source could the Clerk of the Superior Court of Swain County have derived any knowledge of the due execution of the deed, or of its probate, except from the certificates of the notary? The Clerk of the Supreme Court of New York did not certify to either fact, but simply to the official character of Edward Carroll, Jr., as a notary. We are as competent to pass upon the correctness of the certificates as the clerk, or, at least, I suppose we are, and we should be. If he adjudges the execution of the deed to have been duly proven and orders it to be registered, and acts upon certificates which, in fact, as we can plainly see, are in due form, how vain and idle to argue that he has not "substantially" complied with the law. Section 1001 of the Revisal only requires that there shall be a substantial compliance with the statute. (Section 999.) It expressly provides that no set form or phraseology shall be necessary in adjudging as to the probate of a deed. We consider the case of *Cozad v. McAden* as directly in point. Indeed, to decide the case otherwise than we have done would clearly overrule the principle established by that case, or, as we sometimes say, its *"ratio decidendi."* In that case *Justice Hoke,* quoting from *Deans v. Pate,* 114 N. C., 194, says: "The adjudication by the Clerk of the Superior Court of Wayne that 'The foregoing instrument has been duly proven, as appears from the foregoing seal and certificate,' does not follow the very· words of the statute (Code, sec. 1246, subsec. 3), in that it does not adjudge that said probate is 'in due form.' But it is intelligible and means substantially the same thing, and 'will be upheld, without regard to mere form,' as was said in *Devereux v. McMahon,* 102 N. C., 284. The

acknowledgment was before an officer authorized to take it, and the probate was, in fact, in due form. The omission, therefore, of the clerk to adjudge in just so many words that the probate was 'in due form,' when in substance he did so adjudge, was not sufficient ground to exclude the deed." In *Deans v. Pate, supra,* the probate was taken by a nonresident notary public, and the clerk, in passing upon his certificates, adjudged as follows: "The foregoing instrument has been duly proven, as appears from the foregoing seal and certificate." This adjudication was upheld by this Court (*Clark, J.,* writing the opinion), although it did not use the exact language of the statute. It was contended in that case, as it is in this by the appellant, that the certificate or adjudication of the clerk in this State was defective, because he did not expressly declare the certificate of the notary to be "in due form," as required by the Code of 1883, sec. 1276. That section of the Code was surely not less strong and exacting in its requirements than is the language of section 999 of the Revisal, which we are now construing. The Court, in *Deans v. Pate,* repudiated the contention of the appellant as unsound and not warranted by the provisions of section 1276 of the Code of 1883. See, also, *Buggy Co. v. Pegram,* 102 N. C., 540; *Devereux v. McMahon,* 102 N. C., 284. The construction of a statute should never be so rigid and technical as to defeat the purpose of the legislation. We should ascertain from its language what is its will, and decide accordingly. Public confidence in the regularity and validity of judicial acts and proceedings would be greatly shaken if we should hold with the appellant in this case.

No error.