CONSOLIDATED REALTY CORPORATION v. F. R. HOUSTON.

(Filed 25 May, 1938.)

**1. Deeds § 3—Clerical error in transcribing commissioner's name held not fatal defect.**

The commissioners' deed in sale for partition was correctly indexed and cross indexed, and the names of the commissioners properly appeared in the body of the instrument, but the signature of one of the commissioners was erroneously transcribed as "W. R. Whitmire" instead of "W. R. Whitson." *Held:* The irregularity was a mere clerical error, calculated to mislead no one, and is not a fatal defect.

**2. Same—Error in order of probate in designating county and state of notary taking acknowledgment held not fatal defect.**

The order of probate of the assistant clerk, immediately following the certificate of acknowledgment of the notary public, erroneously designated the notary as of the county of probate, although the certificate of acknowledgment, which was in due form, correctly stated that the notary was of a designated county of the State of Virginia in which the acknowledgment was taken. *Held:* The irregularity was a mere clerical error, calculated to mislead no one, and is not a fatal defect.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Johnston, J.,* at March Term, 1938, of HENDERSON.

Controversy without action submitted on an agreed statement of facts to determine right of parties to specific performance.

The plaintiff being under contract to convey to the defendant building and lot situate in the city of Hendersonville, 130 South Main Street, known as the Lyerly Garage Building and lot, duly executed and tendered deed therefor, sufficient in form to convey valid, fee simple title, with full covenants of warranty, and demanded payment of the purchase price, as agreed. The defendant declines to accept the deed and refuses to make payment, contending that the title offered is defective.

It is stipulated that plaintiff's title is good, unless defective by reason of the following deeds, by, through and under which it claims:

"4. That there is of record in Book 112, at page 445, of the records of deeds for Henderson County, an instrument purporting to be a deed from W. R. Whitson and Hugh LeBarbe, commissioners, to Fred L. Johnson *et al.,* grantees, bearing date 30 March, 1922, and recorded 11 May, 1922, and which purports to convey the property mentioned and referred to above, and which said instrument is fully sufficient in form to pass the title to said property, provided the following irregularity or defect does not vitiate same. The same appears to have been

regularly executed by Hugh LeBarbe, commissioner, and the name of the grantor, W. R. Whitson, commissioner, properly appears in the body of the instrument and also in the certificate of acknowledgment, which appears to have been taken before John H. Cathey, clerk of the Superior Court of Buncombe County. However, at the place for the signatures the name "W. R. Whitmire" appears upon the recorded instrument instead of the name "W. R. Whitson," which is the only objection made to said instrument. In this connection, it is also agreed that a special proceeding was regularly conducted in the Superior Court of Buncombe County to have sold for partition among the heirs of one F. M. Johnson the lands of which the said Johnson died seized and possessed, and which were situated both in the counties of Buncombe and Henderson, and that a properly certified copy of said proceeding was duly filed and is now of record in the county of Henderson. That in said proceeding the said W. R. Whitson and Hugh LeBarbe were appointed commissioners to sell said lands, duly reported said sales to the court, and in their said reports certified that they had sold the said lands which are the subject of this controversy to the grantees named in the deed herein mentioned, and that they had executed deed therefor to the purchasers at the sale in compliance with the order and decree of the court. It is also agreed that the said deed herein referred to is cross indexed on the records of Henderson County, in the name of W. R. Whitson and not in the name of W. R. Whitmire.

"5. That there is an instrument of record in Book 129, at page 111, of the records of deeds for Henderson County, purporting to be a deed from H. R. Loar and wife, Laura H. Loar, to A. R. Hanson, of date 9 September, 1924, recorded 13 September, 1924, purporting to convey the said property above mentioned, and which purports to have been acknowledged before Earl Dixon, a notary public of the State of West Virginia, and county of Preston, and which said deed is in all respects in due form to convey the title to said property, provided the probate of said deed is sufficient to authorize its registration. It appears from the face of the deed that the grantors at the time of its execution were residents of the county of Preston and State of West Virginia, and the certificate of the notary public who took the acknowledgment is as follows:

" 'State of West Virginia, County of Preston—*ss.*

" 'I, Earl Dixon, a notary public in and for the above county and State, do hereby certify that H. R. Loar and Laura H. Loar, his wife, personally appeared before me this day and acknowledged the due execution by them of the annexed deed of conveyance, and the said Laura H. Loar being by me privately examined, separate and apart from her said husband, touching her voluntary execution of the same, doth state that

she signed the same freely and voluntarily without fear or compulsion of her husband, òr any other person, and that she doth still voluntarily assent thereto.

" 'Therefore, let the same, with this certificate, be registered.

" 'Witness my hand and notarial seal, this 9 day of Sept., A.D. 1924.

(L. S.)                                        EARL DIXON,   (Seal)
Com. ex. Mch. 9, 1925.                              *Notary Public.*'

"The order of probate of the assistant clerk of the Superior Court of Henderson County, North Carolina, which immediately follows the certificate of acknowledgment of the notary public is as follows:

" 'State of North Carolina, Henderson County.

" 'The foregoing certificate of Earl Dixon, a notary public of Henderson County, and State of N. C., is adjudged to be correct.   Therefore, let the foregoing deed, with these certificates, be registered.

" 'This 13 day of September, 1924.

J. L. PACE,
*Asst. Clerk Superior Court.*'

"The defect and irregularity complained of is that the certificate of acknowledgment shows the notary public who took the acknowledgment of the grantors to be a notary public of the State of West Virginia and county of Preston, whereas, the certificate of probate states that said notary public is a notary public of Henderson County and State of North Carolina.   It is agreed that said deed is duly cross indexed upon the index records of Henderson County, and it is also agreed that at the time said deed was probated there was no notary public in Henderson County by the name of Earl Dixon."

It is further agreed that the originals of both of these deeds have been lost, or destroyed, and that they cannot now be found or located.

The court being of opinion, upon the facts agreed, that the deed tendered is sufficient to convey full and complete fee simple title to the premises described in the statement, entered judgment accordingly, from which the defendant appeals, assigning error.

*Daniel M. Hodges for plaintiff, appellee.*
*J. E. Shipman for defendant, appellant.*

STACY, C. J.   We agree with the trial court that the irregularities here in question are mere clerical errors, calculated to mislead no one, and that they ought not to be regarded as fatal defects in the title offered.

The decision in *Lane v. Royster,* 118 N. C., 159, 24 S. E., 703, is authority for holding that the error in transcribing the signature of one

of the commissioners, W. R. Whitson, as "W. R. Whitmire," was so obviously a mistake as to mislead no one and that it ought not to affect the title. In the cited case, a mortgage executed by "Patrick Lane and wife, Zilpha Lane," was recorded as having been signed by "Patrick Savage and wife, Zilpha Savage." This was held to be a clear inadvertence. To like effect is the decision in *Smith v. Lumber Co.,* 144 N. C., 47, 56 S. E., 555, where the register of deeds, by patent inadvertence, omitted to copy the signatures at the end of the deed.

In the case at bar, it is admitted that the commissioners' deed is regularly registered in all other respects and that it is properly cross indexed in the name of "W. R. Whitson." See, also, *Mitchell v. Bridgers,* 113 N. C., 63, 18 S. E., 91.

In respect of the irregularity appearing in the clerk's fiat to the deed from H. R. Loar and wife to A. R. Hanson, it is sufficient to say that the case of *Kleybolte v. Timber Co.,* 151 N. C., 635, 66 S. E., 663, is ample authority for upholding this registration. Speaking to a similar inadvertence in that case, *Walker, J.,* delivering the opinion of the Court, said: "The certificates are all before us, and *we* can see that they *are* 'in due form.' It may be true that the certificate of the clerk of the Supreme Court of New York, as to the authority of the notary public, was unnecessary, but it will be observed that the clerk makes two adjudications—first, that the certificate of the said clerk is 'in due form and according to law'; and, second, that 'the foregoing and annexed deed of trust is adjudged to be duly proven.' From what source could the clerk of the Superior Court of Swain County have derived any knowledge of the due execution of the deed, or of its probate, except from the certificates of the notary? The clerk of the Supreme Court of New York did not certify to either fact, but simply to the official character of Edward Carroll, Jr., as a notary. We are as competent to pass upon the correctness of the certificates as the clerk, or, at least, I suppose we are, and we should be. If he adjudges the execution of the deed to have been duly proven and orders it to be registered, and acts upon certificates which, in fact, as we can plainly see, are in due form, how vain and idle to argue that he has not 'substantially' complied with the law." See, also, *Cozad v. McAden,* 150 N. C., 206, 63 S. E., 944.

The judgment decreeing specific performance upon the facts agreed will be upheld.

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.