THOMAS L. MITCHELL et al. v. R. M. BRIDGERS et al.

*Trespass—Constructive Possession—Sufficiency of Description of Land—Errors in Certificate of Probate—Instructions to Jury.*

1. A description contained in a devise of land as follows: " My Manner plantation and all the lands thereunto belonging, containing 520 acres, by deed,  *  *  *  and also all my right, title and claim in and to a tract of land that I lately entered, bounding on the mill-pond, and adjoining sundry persons, agreeable to said entry or patent," is sufficiently definite.

2. " Constructive possession " is such a possession as the law carries to the owner by virtue of his title only, there being no actual occupation of any part of the land by anybody. And the fact that lands held under " deeds by metes and bounds " are " almost entirely covered by water " will not prevent the application of the doctrine of constructive possession.

3. Where a trespass was committed by cutting timber on a pond appurtenant to plaintiffs' mill, which had been used by them and those under whom they claimed, for fifty years, under deeds embracing within their boundaries the land covered by the water, as well as that on which the mill was located, plaintiffs must be deemed to have actual possession of the whole, except such part as should be in the actual possession of another.

4. Requests for instructions to the jury not based on evidence are properly refused.

5. Where, in the certificate of probate of a deed, an error manifestly clerical occurs, such error will not render the probate insufficient to warrant registration of the deed.

6. No seal is necessary to the validity of a contract for the sale of land, but under section 26 of chapter 37 of the Revised Code, such contract was required to be registered, and since by section 16 of said chapter, any instrument required or allowed to be registered may be given in evidence, the registry of such contract was properly received in evidence.

7. Where, in an action of trespass, there was judgment for plaintiffs, and some of the defendants were shown not to have committed any trespass on or to have asserted any claim to the land trespassed on, the judgment will be modified by excluding such defendants from the judgment.

CIVIL ACTION to recover damages for trespass to plaintiffs' land, tried before *Hoke, J.*, and a jury, at May Term, 1893, Superior Court of BERTIE County.

Answer denied plaintiffs' title and denied the trespass.

The land was described in certain deeds by metes and bounds, and was almost entirely covered by the water of plaintiffs' mill-pond, and it was proved that the pond was appurtenant to the mill, which had been used by plaintiffs and those under whom they claimed for fifty years or more under the deeds exhibited. Some of them give definite metes and bounds, as will appear by the face of the deeds, the description running in an oblong direction up the swamp for a distance of near two miles or more above the mill.

The alleged trespass was committed by going on the pond and cutting and carrying off certain timber trees near the run of the swamp by defendants a short while before this action was commenced.

There was some evidence tending to show the survey as made would at one point of the plat run on the high land away from the swamp so as to take in an old field that had for many years been cultivated by defendants and those under whom they claimed. This was not at the point of the trespass and would not affect the right to recover for same, if land was located, but was used by defendants as a circumstance tending to show that plaintiffs had not properly located their land, and the same could not be located by the deeds and evidence offered.

There was also evidence tending to show that all the courses called for in the grant and deeds were gone, and none were found on the survey except two—a cypress stump and a gum at the upper end of the tract—and there was also evidence tending to show that these, the stump and gum, were known, marked and ascertained courses of the plaintiffs' grants and deeds.

There was also evidence tending to show where the beginning course was supposed to be, but nothing there to locate or identify it.

On cross-examination of one witness, defendants had shown some evidence as to the supposed location of the beginning corner, and that running past the gum as a corner the last call would fail to reach the beginning by eleven poles, and contended that this failure to close would prevent the plaintiffs' deeds from covering this land.

Plaintiffs offered in evidence various deeds and wills in support of their title.

The description of the lands devised by the will of Joseph Eason to Jesse Eason was as follows:

" My Manner plantation and all the lands thereunto belonging, containing 520 acres, by deed ;   *   *   *   also all my right, title and claim in and to a tract of land that I lately have entered, bounding on the mill-pond and adjoining sundry persons, agreeable to said entry or patent."

The description in the deed from Leonora T. Burden to T. L. Mitchell and others, referred to in the opinion of the Court, was as follows:

"A certain tract or parcel of land in Bertie County, North Carolina, bounded by the lands of R. M. Burden, L. C. Garris   *   *   *   and others, and known as the Burden Mill, including the lands belonging thereto and embracing all land belonging therewith and adjoining, in which the said parties of the first part own any interest.   This is intended to convey the mill, mill-pond land and the land on which the buildings stand, and any other land, if any, belonging thereto, containing 500 acres, more or less."

The defendants' exceptions were as follows:

*First Exception.*—Defendants objected to introduction of will of Joseph Eason, for the reason that it was too indefinite to convey the land.   Overruled, and exception taken.

*Second Exception.*—The defendants objected to the introduction of the deed No. 3 (Exhibit C), because it professed to be a deed to N. and W. Hinton, and the probate was of a deed to N. and W. King. Overruled, and exception.

*Third Exception.*—The defendants objected to the introduction of Exhibit H, because it was not under seal, and it was not such a paper as required registration, and the original should be produced. Overruled, and exception.

The defendants requested the Court to charge the jury—

*Fourth Exception.*—That if the jury believed from the evidence that the land on which the timber is alleged to have been cut is covered with water, then the doctrine of constructive possession does not apply; and before the plaintiffs can recover in this action, it is necessary for the plaintiffs to satisfy the jury that they were in possession of said land, and if plaintiffs have failed thus to satisfy the jury, then the jury should find for the defendants. This was refused and not given, and the defendants excepted.

*Fifth Exception.*—That there is no evidence that the plaintiffs were in the possession of the land on which the timber was cut, and the jury should find the issue for the defendants. This was refused and not given, and defendants excepted.

*Sixth Exception.*—That if the jury believe that at the time said timber was cut the defendant, R. M. Bridgers was in possession of the land where the timber was cut, claiming the said land as his own, then the plaintiffs cannot recover in this action, and the jury should find the issue for the defendants. This was refused and not given, and the defendants excepted.

*Seventh Exception.*—That if the jury should believe that at the time said timber was cut, the defendant R. M. Bridgers was in possession of the land where the timber was cut, claiming said land as his own, and continued the possession of said land when this suit was commenced, then the plaintiffs cannot recover in this action, and the jury should find all

the issues in favor of the defendants. This was refused and not given, and the defendants excepted.

*Eighth Exception.*—That upon the whole evidence, the plaintiffs are not entitled to recover, and the jury should find all the issues in favor of the defendants. This was not given, and defendants excepted.

*Ninth Exception.*—That the plaintiffs cannot claim more than the land known as the mill-pond and mill-house land and land adjoining, and that they cannot recover for any land conveyed in their deed other than this, for the reason that the term "any other land" does not include anything, these words being used in the deed to Mitchell. This was refused and not given, and defendants excepted.

*Tenth Exception.*—That if the location of the lands called for in plaintiffs' deeds embraces any land that defendant R. M. Bridgers has had fenced and cultivated for more than forty years before the commencement of this action, and claiming the same to be his, then the plaintiffs cannot recover that portion of the land, and the jury should respond to the first issue Yes, except that portion included within Bridgers's fence. This was refused and not given, and defendants excepted.

*Eleventh Exception.*—That the plaintiffs cannot recover for the cutting of timber on any lands on which Bridgers has been in possession for forty years, claiming the same as his under visible metes and bounds. This was refused and not given, and defendants excepted.

*Twelfth Exception.*—That there is no evidence that the defendants Junius Bridgers or Thomas R. Bridgers ever claimed said land or cut any timber therefrom, and the jury will not include them in any verdict they may return on the issues. This was refused and not given, and defendants excepted.

The Court charged the jury that on the evidence, if believed, the plaintiffs had shown a line of title from the

State for the land in controversy, provided the jury were satisfied that the plaintiffs had properly located these lands, and same included the place where the cutting was done, and that his line of deeds covered same. That the defendants contended that the plaintiffs had not properly located their deeds so as to cover the land, and that there was no satisfactory evidence that the plaintiffs' deeds would cover any land. That the rule for locating land of this character was that, if only one known corner was ascertained and identified as a corner of the tract, for the survey to commence at such corner and run according to the course and calls of the deed, unless some natural object would change these calls; and in this case, if the jury were satisfied that the gum spoken of was a known, marked, developed corner of the lands in plaintiffs' deed, the proper survey, if the beginning corner could not be satisfactorily placed, was to commence at the gum and run the course and calls of the deed. And if beginning at the gum, and this was a known, ascertained corner of the land, and running the course and calls of the deed and grant would include the land trespassed on, and plaintiffs were in possession when the action was commenced, jury should answer first issue Yes.

That if the beginning corner was where defendants contended, and beginning at the gum as a known corner, the last call failed to reach the supposed beginning by eleven poles, and this was the only defect—this failure of distance—the survey should go to the beginning and so close the survey: The fact, however, that there was this gap of eleven poles was a circumstance for the jury to consider in determining whether this gum, where the surveyors commenced, was a proper, known corner called for in plaintiffs' deeds. The Court then adverted fully to all the evidence and argument of plaintiffs' differing as to the location and the cypress and gum his courses called for.

That if defendants entered on the land covered by the plaintiffs' deeds, and cut and carried off timber therefrom, or directed and hired others to do so as their agents and servants, or cut and carried off timber at the time and place testified by witnesses, jury should answer second issue Yes.

There was no exception to charge on third and fourth issues.

Jury rendered a verdict for plaintiffs.

The defendants moved for a new trial for the errors of Court on questions of evidence as above pointed out, and for failure of Court to give the instructions as prayed for. Motion overruled, and defendants excepted. Judgment on the verdict, and defendants appealed.

*Mr. F. D. Winston,* for defendants (appellants).
No counsel, *contra.*

SHEPHERD, C. J.: The exceptions addressed to the sufficiency of the descriptions contained in the will of Joseph Eason and the deed of Leonora Burden and others to T. L. Mitchell, as well as to the charge of the Court respecting the identification and location of the land upon which the trespass was committed, are plainly untenable. The principles sustaining the action of his Honor in these particulars are deemed to be too well settled to require an extended discussion or the citation of authorities.

Equally without merit is the exception to the refusal of the Court to instruct the jury that if they believed that the land on which the timber was cut was covered by water, "the doctrine of constructive possession" would not apply, and that it would be necessary to show that the plaintiffs "were in possession" of the same. Constructive possession, says RUFFIN, C. J., in *Graham* v. *Houston,* 4 Dev., 232, is "such a possession as the law carries to the owner by virtue of his title only, there being no actual occupation of any part of

the land by anybody," and we know of no reason or authority that excludes from the operation of this principle lands which are held, as in this case, under "deeds by metes and bounds," simply because they are "almost entirely" covered by the waters of a mill-pond. The case, however, discloses that the trespass was committed by going on the pond and cutting and carrying off certain timber-trees near the run of the swamp; that this pond was appurtenant to the mill which had been used by the plaintiffs and those under whom they claimed for fifty years or more under the deeds in evidence. It is very plain that if these deeds embrace within their boundaries the land covered by the water, as well as that upon which the mill is situated, the plaintiffs would have actual possession of the whole, except such part as might be in the actual possession of another. *Graham* v. *Houston, supra.* The exception, therefore, is overruled.

The exception respecting the enclosed land in the actual occupation of the defendants is without force. There was no evidence of a trespass except upon the waters of the pond, and in assessing the damages the jury were necessarily confined to the same. The refusal to charge as requested could not have prejudiced the defendants, and especially is this so, inasmuch as his Honor, it seems by consent of all parties, excluded from the judgment all the lands in the actual occupation of the defendants.

There was no evidence that the defendants were in the actual possession, as distinguished from acts of trespass, of the waters of the pond where the timber was cut, and the instructions based upon such an hypothesis were properly refused.

The defendants objected to the introduction of the deed from Jesse Eason to "Noah and William Hinton." The attesting witnesses to the deed were Thomas Ruffin and H. W. King. The certificate of probate is as follows:

" STATE OF NORTH CAROLINA—Bertie County, *May Term, 1820.*

"This deed from Jesse Eason to Noah and William King was proved in open Court by the oath of Thomas Ruffin, one of the subscribing witnesses thereto.    Let it be registered.

"Teste: E. A. RHODES, *Clerk.*"

It is quite manifest that the name of King instead of Hinton was inserted by reason of a clerical error on the part of the Clerk ; and where it appears that the requirements of the law have been substantially complied with, we should be reluctant to hold upon so slight a ground that the certificate was insufficient to warrant the registration of the deed. "Acknowledgments are frequently taken before persons of limited skill and knowledge, and while all the requirements of the law have been carefully and scrupulously complied with, yet errors will creep into the certificate which manifestly are clerical.    To scrutinize these certificates with severity, and declare them insufficient for slight variations or evident errors, where they substantially comply with the statute, would subserve no desirable end."    1 Devlin Deeds, 514.    In the absence of testimony to the contrary, we must assume that the certificate having been registered with the deed was either written on the deed or annexed thereto. Such being the case, the identification of the certificate with the deed of Eason to Noah and William Hinton is complete; for it is "this deed" which the Clerk declares was proved in open Court by Thomas Ruffin.    The fact that Jesse Eason executed that particular paper was the essential thing to be proved, and this plainly appears from the certificate.    There was no error in permitting the deed to be read in evidence.

In making out their title the plaintiffs introduced a contract, executed in 1855, for the sale of the land by one Freeman to James Burden.    The defendants objected "because it was not under seal, and was not such a paper as required registration, and the original should be produced."    No seal

is necessary to the validity of a contract for the sale of land, and we have been referred to no authority in support of the position that the registry or certified copy of the record of any such contract may not be received in evidence. The Revised Code, ch. 37, § 26, which was in force when this contract was executed, required that it should be registered, and in section 16 of said chapter it is provided that the "registry or duly certified copy of the record of any deed, power of attorney, or other instrument required or allowed to be registered or recorded, may be given in evidence," etc. The case of *Edwards* v. *Thompson*, 71 N. C., 177, decided that these provisions did not put a contract for the sale of land on the same footing as an unregistered mortgage, but it was by no means held that such a contract was not allowed to be registered, and therefore its registry inadmissible in evidence. The objection to the admission of the registry was properly overruled.

In looking over the entire record we have been able to discover but one error on the part of the Court. The defendants Junius and Thomas Bridger asked the Court to instruct the jury that there was no evidence that they had ever cut any timber or otherwise trespassed upon the land. This instruction was refused, and as we can find no such evidence in the record, we must hold that there was error in the refusal. As these defendants do not claim the land, and are only concerned about the judgment against them for the damages assessed by the jury, the erroneous ruling will not necessitate a new trial, but may be corrected by striking the names of these parties from the judgment.

Modified and Affirmed.