## C. C. ROGERSON v. COUNCIL LEGGETT.

(Filed 11 September, 1907).

1. **Procedure—Abatement—Parties—Death Suggested—Process— Representatives.**

   A judgment is necessary to abate an action, for the Court may, *ex mero motu*, enter judgment when it appears that plaintiff failed for a year to prosecute his action against the "representatives or successors in interest" of the original defendant, whose death has been suggested—Revisal, sec. 415 (1)—though the record, under Revisal, secs. 437-8, shows there had been no discontinuance of the action.

2. **Same—Action—Semi-dormant.**

   Upon the suggestion of the death of defendant, it is the duty of the Clerk to issue summons to the representatives or persons who succeed to the rights or liabilities of the deceased defendant; the law does not contemplate that plaintiff may keep his action in *semi-dormant* condition until it suits his pleasure or interest to call the heir at law into court, when by such conduct he has become disabled to make his defense.

3. **Deeds and Conveyances—Equitable Title—Principal and Agent— Registration—Notice—Knowledge—Possession.**

   When an agent, having a power of attorney, makes a conveyance of land, inoperative for want of formal execution in the name of the principal, and the grantee claiming under the deed enters into and remains in the undisturbed possession thereof, the principal asserting no claim to the land and not repudiating the deed for a term of years, the deed, thus executed, will be enforced in equity as an agreement to convey.

4. **Deeds and Conveyances—Equitable Title—Presumption—Abandonment—Release.**

   When the deceased, under whom defendant claims title, entered into and remained in the undisturbed possession of land in controversy for a term of years under a registered deed, inoperative for the want of formal execution made by an agent authorized to make it, and stood upon his equitable rights, possessing and using the property as his own, no presumption of abandonment or release can arise from lapse of time against him.

**5. Principal and Agent—Consideration, its Application.**

When, under a power of attorney, it appears that the agent was authorized to make a conveyance of the land of the principal, the grantee is not required to see to the application of the purchase money.

CIVIL ACTION, tried before *W. R. Allen, J.,* and a jury, May Term, 1907, of the Superior Court of BEAUFORT County.

The title to the land in controversy was, on and prior to 12 August, 1856, in Patsy Dudley for life, remainder to J. C. Rogerson and W. O. Rogerson. On said day J. C. Rogerson executed to Hosea Dudley a power of attorney, under seal, authorizing him to sell and convey his interest in the land. Said power of attorney was duly registered. W. O. Rogerson, prior thereto, had conveyed to said Hosea his one-half interest. On the same day, to-wit, 12 August, 1856, the said Hosea Dudley, together with his wife, the life tenant, executed a deed, describing the said land, to Noah Leggett, which contained appropriate words of conveyance. The premises of said deed is as follows: "This indenture, made * * * by and between Hosea Dudley in his own right as assignee of W. O. Rogerson, of Hosea Dudley as attorney for Josephus Rogerson and of Hosea Dudley and wife, Patsy, of the first part," etc. The said deed was signed and sealed by Hosea Dudley and his wife and by "Hosea Dudley, attorney for Josephus Rogerson," and duly proven and registered, 17 November, 1856, in the office of the Register of Deeds of Beaufort County. Noah Leggett, the grantee, entered immediately into possession of the land and remained therein until his death, during the year 1898, whereupon his son and heir at law, Council Leggett, entered and has at all times since remained in possession thereof.

Patsy Dudley, the life tenant, died 26 July, 1877. Josephus Rogerson died intestate during the year 1888. Summons was issued herein 6 July, 1897, and served upon Noah Leggett 13 July, 1897. At the Fall Term, 1898, of the Supe-

rior Court the following docket entries appear: "Complaint filed 1 December, 1897. Death of defendant suggested, and notice ordered to issue to personal representative and heirs at law to come forward and defend suit. Continued." At the Fall Term, 1899, the same entries appeared, together with the word "Issued." The same entries appear at each term, with the exception of two terms, 1900-1901, until and including the October Term, 1902. At the October Term, 1905, an order was passed making Council Leggett and his wife, heirs at law of Noah Leggett, parties defendant, and directing *alias* summons to issue. Time was allowed plaintiffs to file amended complaint.

Summons was duly issued and served on them 17 November, 1905. At the February Term, 1906, plaintiffs filed a complaint, setting forth the title to one-half undivided interest in Josephus Rogerson at the time of his death, and alleging ownership in themselves as heirs at law of said interest; that defendants were the owners of the other half and in possession of the whole tract, wrongfully withholding same from plaintiffs. Defendants answered, denying plaintiffs' title, pleading the statute of limitations and for further defense setting up the facts herein stated. They insist that if the paper-writing executed by Hosea Dudley, as attorney for Josephus Rogerson, did not operate to convey the legal title to said Rogerson's interest, it was a valid contract to convey, supported by a valuable executed consideration, and vested in their ancestor a perfect equity to call for the legal title.

His Honor instructed the jury, upon the entire evidence, that plaintiffs were not entitled to recover. Plaintiffs excepted. Verdict and judgment. Plaintiffs appealed.

*Ward & Grimes* and *A. R. Dunning* for plaintiff.
*Small & McLean* and *Nicholson & Daniel* for defendant.

CONNOR, J., after stating the case: In the view which we take of this appeal, the failure on the part of the plaintiffs to cause notice to issue and be served upon defendant, Council Leggett, within one year after the death of his ancestor, becomes immaterial. We concur with the plaintiffs' counsel that, upon the record, there could be no discontinuance. This occurs only when the summons has not been served. Revisal, secs. 437 and 438, provides for such cases. This case is controlled by section 415 (1). While, as held in *Burnett v. Lyman,* 141 N. C., 500, the statute is not "automatic," and a judgment of the Court is necessary to abate the action, it would seem that, unless the plaintiff, within a reasonable time, which the statute fixes at one year, proceeds to prosecute his action against the "representative or successor in interest" of the original defendant, the Court should *ex mero motu* enter judgment of abatement. It will be noted that by section 417 it is made the duty of the clerk, upon suggestion of the death of defendant, to issue summons to the representative or person who succeeds to the rights or liabilities of the deceased plaintiff or defendant. The wisdom of this requirement is illustrated by the record before us. Noah Leggett died within a few months after the action was brought, 6 July, 1897; his death was called to the attention of the Court at the next term. So far as the record informs us, his heir had no notice or knowledge that any action was pending involving the title to his land until 13 November, 1905. Certainly the law does not contemplate that the plaintiff may keep his action in a semi-dormant condition for seven years, and then, when it suits his pleasure or possibly his interest, call the heir at law into court, to find that by a legal fiction he has been deprived of his defenses and called to answer, when by the lapse of time he has become disabled to make good his defense, or that which his ancestor may have made. The liberal provisions of the statute permitting the continuation of the action after the death of the defendant should not be per-

mitted to work out such results.  Fortunately, under our
reformed procedure, which permits the defendant to avail
himself of equitable defenses, the Court is enabled to admin-
ister justice upon the facts as they appear in the record.
While it is true, as contended by the plaintiffs, "that where
any one has authority as attorney to do any act he ought to
do it in his name who gives the authority," it is also true that
"where the attorney has the authority and, pursuant thereto,
executes the instrument in his own name, as attorney, for his
principal, and receives the consideration, though the deed be
inoperative for want of formal execution in the name of the
principal, it is binding in equity; hence, a deed executed by
an agent, though defective and inoperative to convey the
property, will be enforced as an agreement to convey in
equity."  1 Am. and Eng., 1034.  This statement of the law
is abundantly sustained upon principle and authority.  It
appearing that Hosea Dudley had a power of attorney, under
seal, to convey the interest of Josephus Rogerson, and that he
attempted to execute the power, and by his act intended to do
so, a perfected equity was created in Noah Leggett, to call
for the legal title.  He entered into possession under and pur-
suant to this right and remained therein until his death dur-
ing the year 1898.  Josephus Rogerson, with notice of the
action of his attorney, by the registration of the deed 17 No-
vember, 1856, lived until 1888, asserting no claim to the land
nor doing any act repudiating his deed.  While it is true that
until 26 July, 1877, the life estate of Patsy Dudley prevented
him from demanding possession or maintaining a possessory
action, this did not prevent him from disaffirming the act of
his attorney.  From 26 July, 1877, the time of the death of
Patsy Dudley, until the death of Josephus Rogerson, in 1888,
Noah Leggett was in the possession of the land and subject
to a possessory action.  The possession of Leggett, pursuant
to his equity, precludes the suggestion of abandonment of his
right to call for the legal title.  The status of the defendant,

with its effect upon his rights, is well stated by *Dillard, J.,* in *Farmer v. Daniel,* 82 N. C., 152 (160): "The defendant has now, and had at the institution of the action, the possession of the land, * * * consistent with the equitable title ever since it arose. * * * Under these circumstances, no presumption of abandonment, satisfaction or release of the equity can arise against the purchaser or his assigns. No presumption of abandonment or release can arise from lapse of time against parties who all the time stand upon their equitable right and possess and use the property as their own."

The learned counsel contended that, to perfect his equity, the representatives of Noah Leggett should show that Rogerson received the purchase money. The power of attorney authorized Hosea Dudley to receive it; his deed acknowledges its receipt, which is at least *prima facie* evidence of the fact. It has never been held in this State that a party paying money to an agent or trustee was required to see to its application. *Hauser v. Shore,* 40 N. C., 357.

Much of the discussion before us was directed to the question of ouster and the operation of the statute of limitations between tenants in common. The defendant's title is not based upon an ouster perfected by adverse possession. The entry of Noah Leggett was under Josephus Rogerson in respect to his equity. As we have seen, the ancestor of the defendants was at all times since 17 November, 1856, until his death, in the rightful possession of the land. His equity passed to the defendants, and their possession is, therefore, in accordance with this equity. As all of the parties in interest were before the court, defendants would have been, if requested, entitled to a decree that plaintiffs convey to them the legal title, and that such decree operate to vest it in them pursuant to the provisions of the statute. Rev., secs. 566-67. It would be a strange result if the defendant, whose ancestor paid for the land, took title from a duly empowered attorney,

recorded his deed in 1856, remained in possession until his death, in 1898, should now be ejected by reason of a technical defect in the execution of the deed by the attorney. We concur with his Honor, and the judgment must be

Affirmed.