STATE BOARD OF EDUCATION v. ROANOKE RAILROAD AND LUMBER COMPANY.

(Filed 6 March, 1912.)

1. State's Lands — Grants — Interpretation of Statutes — Swamp Lands—Statute of Limitations—Adverse Possession.

Until barred by adverse possession the statute of limitations does not run against the State (Revisal, sec. 4048) in an action to recover swamp and marsh lands from a claimant holding under a grant which is invalid according to the provisions of the Revisal, sec. 1693 (3).

2. State's Lands—Grants—Swamp Lands—Interpretation of Statutes—Evidence—Opinion—Personal Knowledge.

In an action involving the question as to whether the *locus in quo* are swamp lands, etc., within the meaning of Revisal, sec.

1693 (3), it is competent for witnesses to testify, upon their own observation, as to whether the lands were swamp lands or not, subject to the cross-examination of the opposing party, leaving the truth of the matter for the jury to determine.

**3. State's Lands—Void Grants—Swamp Lands.**

An instruction in this case held correct, that if the jury found from the evidence as a fact that the lands in controversy were swamp lands and in a swamp of over 2,000 acres, prior to and at the time the defendant's claims were taken out, they would not be subject to entry, and defendant's grant would be void. Revisal, sec. 1693 (3).

**4. State's Lands — Swamp Lands — Definition — Interpretation of Statutes.**

After giving definitions as to the meaning of the term "swamp lands," and quoting from that given in Revisal, sec. 1695, and instructing the jury that the statutory definition would not apply against the defendant who held under a grant prior to that time, the court said that he did not mean to lay down any fixed rule for the jury to determine whether the lands in controversy were swamp lands, but only to assist them in ascertaining the common and generally accepted definition: *Held*, no error.

**5. State's Lands—Swamp Lands—Definition—Knolls or High Places —Interpretation of Statutes.**

A tract of land within the area of swamp lands coming within the meaning of Revisal, sec. 1693 (3), need not necessarily be free from knolls or higher and drier places; for when, taken as a whole, the general effect is that of swamp lands, the provisions of the statute apply which withdraw them from the granting authority conferred on the State officials.

**6. State's Lands — Swamp Lands — Burden of Proof — Evidence — Quantum of Proof.**

Upon the issue as to whether the lands granted to the defendant were swamp lands within the meaning of the Revisal, sec. 1693 (3), the burden is upon plaintiffs, in this case the State Board of Education, to establish the affirmative by the preponderance of the evidence, and not by "clear, strong, and convincing proof."

**7. State's Lands — Swamp Lands — Void Grants—Ownership—Presumptions.**

Grants of swamp lands within the meaning of Revisal, 1693 (3), are void under the Revisal, sec. 4047, and the law presumes the board of education is the owner of them.

8. Instructions—Substance of Special Prayers.
   It is not necessary that correct requests for special instruction be given in their exact language.

APPEAL by defendant from *Cline, J.,* at Fall Term, 1911, of WASHINGTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. M. Bond, W. M. Bond, Jr., and Ward & Grimes for plaintiff.*

*A. C. Gaylord and Small, MacLean & McMullan for defendant.*

CLARK, C. J. Revisal, 1693 (3), withdraws from being granted by the State all "marsh or swamp land, where the quantity of land in any one marsh or swamp exceeds 2,000 acres, or where, if of less quantity, the same has been surveyed by the State, or by the State Board of Education, with a view to draining and reclaiming the same." This is an action to declare void certain grants embracing land which it is claimed came within the terms of the above section, and also to recover damages for timber cut by defendants on said land. The plaintiff did not ask to recover damages for timber cut more than three years before suit brought, and as to the action for the land, the plaintiff is not barred by the statute of limitations, which does not run in such cases, Revisal, 4048, unless the State would have been barred by adverse possession, which is not the case here.

The first five exceptions are because the witnesses, who stated that they were familiar with the land, upon being asked what kind of land it was, answered that it was "swamp land." This being a matter of personal observation, as to a fact within the knowledge of the witness, the answer was competent, subject to cross-examination by the defendant. It is true, the jury must find the issue, but the answer of the witness was competent to be submitted to them. *Britt v. R. R.,* 148 N. C., 40.

The court charged the jury: "If this was swamp land and in a swamp of over 2,000 acres, prior to and at the time the grants under which the defendant's claims were taken out, then the lands were not subject to entry and grant, and the defendant's

said grants would be void and of no effect, for in such case there was no power and authority to grant same." The exception to this charge cannot be sustained. It complies with Revisal, 1693 (3).

The court charged the jury: "Was the land in question swamp land as is generally called and known? Some authorities have defined swamp land as wet, spongy ground, soft, low-ground, saturated with water, but not usually covered with it; marshy ground away from the seashore; another, as land the greater part of which is wet and unfit for cultivation, land which requires draining in order to make it fit for successful or useful cultivation." Exception 7 was to this charge and cannot be sustained. The court went on to quote the statutory definition of swamp land enacted 4 March, 1891, now Revisal, 1695, and told the jury that this statutory definition would not apply against the defendant, who held under a grant issued prior to that date, and further added that as to the definition given above, the court did not mean to lay down any hard or fast rule by which the jury were to determine whether the lands in question were swamp land, but merely to give it as assistance to them in ascertaining what was the common and generally accepted definition of the words "swamp land."

The court charged the jury: "It is not necessary that every bit of the land in controversy should be swamp land in order to enable the plaintiff to recover, that is to say, if there be some knolls or higher and drier places in this piece of land that, taken by themselves, might not be deemed swamp, yet if they had swamp land around them in sufficient quantity so that the latter largely prevailed, and taking the whole body, by and large, the general effect was to make and call the land swamp land, then the knolls or higher ground could be taken in as a part of the whole." The eighth exception was to this charge, and cannot be sustained.

The ninth exception is because the court did not instruct the jury that the grants could be vacated only by "clear, strong, and convincing evidence." There was no prayer to this effect, and it could not have been given if asked. The charge put the burden on the plaintiff to make out his case by the preponder-

ance and the greater weight of the evidence, and this is the correct rule in this case. *Board of Education v. Makely*, 139 N. C., 34. The court properly charged the jury to answer the issues "No" unless by the greater weight of the evidence the plaintiff had shown that the land covered by the grants were swamp lands and part of a swamp of more than 2,000 acres.

The statute provides that when it is shown that the land is swamp land and within a swamp of more than 2,000 acres, the law presumes that the board of education is the owner thereof, because grants of such land are void and unauthorized. Revisal, 4047; *Board of Education v. Makely, supra.*

The prayers of the defendant so far as they were correct were given in substance in the charge. It was not necessary that they should have been given in the exact language asked for, if given in substance. *Horton v. R. R.,* 145 N. C., 132.

No error.