R. P. ROBINSON ET AL. v. JOHN R. DAUGHTRY.

(Filed 22 March, 1916.)

1. Partnership—Deeds and Conveyances—Realty—Tenants in Common.

A conveyance of land to a partnership is valid and vests the full equitable title in the members of the firm as tenants in common.

2. Partnership — Deeds and Conveyances — Realty — Principal and Agent — Parol Evidence—Contract to Convey.

An agency of partnership does not extend to a valid conveyance of its real property by one of the partners so as to pass the absolute title; but the agency may be shown by parol to be embraced within the scope of the partnership authority, and then the deed will be operative as a contract to convey the land, which does not require a seal, and, as such, is enforcible.

3. Same—Nature of Partnership—Agency, Express or Implied.

It was shown to be within the scope of a certain partnership to sell patent rights that the partnership would receive in payment certain articles of personal property and real estate as well; and it appeared that certain real estate was thus conveyed to the firm, and reconveyed to a third person by a fee-simple deed executed by only one of them. *Held*, the authority of the partners to make the conveyance could be either express or implied from the nature of the business, and his conveyance operated as a valid contract to convey the lands, binding upon the individual member of the firm.

4. Appeal and Error—Premature Appeal—Supreme Court—Merits.

Upon the record in this cause, *quere* as to whether the plaintiff had taken a voluntary nonsuit and had the right to appeal; but the Court passed upon the merits of the questions raised, to save trouble and expense to the parties.

APPEAL by plaintiffs from *Connor, J.,* at October Term, 1915, of SAMPSON.

This is a civil action by R. P. Robinson, one of the plaintiffs, to recover a one-half undivided interest in a tract of land in Sampson County, and by R. H. Stowe, another plaintiff, to recover a one-fourth interest in said land.

R. P. Robinson, R. H. Stowe, and T. L. Lowe were partners doing business under the firm name of R. P. Robinson & Co., and the business of the copartnership.was selling patent rights to deal in washing compounds.

Evidence was introduced tending to prove that the partnership took horses, mules, buggies, carts, and land in exchange for the patent rights, which were converted into money; that T. L. Lowe had charge of the business in Sampson County, and that it was within the scope of the business to take land and convert it into cash in exchange for patent rights.

On 27 September, 1900, the partnership sold to W. A. Hobbs, in Sampson County, the right to sell the washing compound in the State of Arkansas, and in payment therefor the said Hobbs and wife conveyed to R. P. Robinson & Co., the partnership being alone named as grantee, the land described in the complaint.

On 17 October, 1900, the said T. L. Lowe, acting for the partnership, sold said land to the defendant, and executed to him a deed therefor, in which R. P. Robinson & Co. alone is the grantor, and which is signed "R. P. Robinson & Co. (Seal)."

The plaintiffs contend that the deed to Robinson & Co. vested the title to the land in the members of the partnership as tenants in common; that the deed executed by Lowe to the defendant only operated to convey his interest in the land, and that therefore they are entitled to recover their interests therein.

The defendant contends that the deed executed by Lowe conveyed the interest of all the partners, and, if not, that it is valid as a contract to convey, of which specific performance will be enforced.

The following statement appears in the case on appeal:

At the close of plaintiff's evidence, defendant moved for judgment of nonsuit. The motion was overruled.

During the discussion by counsel upon this motion, the court asked counsel for plaintiff what their views were upon the proposition that the paper-writing offered in evidence as a deed from R. P. Robinson & Co. to defendant, if not good as a deed, was good as a contract to convey, provided the jury should find that it was executed by Lowe and that Lowe was a partner, intimating, in the absence of the jury, that in his opinion it was good as such contract. Counsel retired, and, after a conference, returned into the courtroom and announced that upon the court's intimation they would take a nonsuit. The court further stated that in his opinion the paper-writing was good as color of title. Upon the intimation of the court the plaintiff thereupon took a nonsuit and appealed to the Supreme Court.

The judgment of nonsuit states:

At the close of plaintiffs' evidence defendant moved for judgment of nonsuit under the Hinsdale Act. His Honor overruled the motion, and defendant excepted. His Honor intimated that if the jury should find that T. L. Lowe had authority to sell said land and convert same into cash, that he would hold that the deed to defendant was a contract to convey; and thereupon the plaintiffs submitted to a nonsuit and gave notice of appeal.

*Grady & Graham for plaintiffs.*
*I. C. Wright and H. E. Faison for defendant.*

ALLEN, J. The deed executed to R. P. Robinson & Co. is valid, and it operated to vest the full equitable title to the land described therein in the members of the partnership as tenants in common, *Walker v. Miller,* 139 N. C., 448, also reported in 4 A. and E. Anno. Cases, 601, where there is an extensive note.

If, then, the title to the land was vested in the members of the firm by the deed executed to R. P. Robinson & Co., has it been divested by the subsequent deed executed by Lowe, one of the partners, and what is the legal effect of the latter instrument?

"A contract of partnership is a contract of agency, and it differs from a pure agency only in this, that in a pure agency the agent binds his principal only; in a partnership all the principals or partners are bound, which, of course, includes the actor. On this principle is bottomed the powers of one partner to bind the partnership when he acts within the scope of his powers." *Person v. Carter,* 7 N. C., 324.

Ordinarily this authority of one partner to bind the others on the ground of agency does not extend to the conveyance of real property, and deeds conveying such property must be executed by all the partners, 30 Cyc., 494; *Thompson v. Bowman,* 73 U. S., 316; but it is also true that an instrument in form a deed, which has been defectively executed by an agent having authority, may operate as a contract to convey, *Rogerson v. Leggett,* 145 N. C., 10, and that no seal is necessary in a contract to convey land, *Mitchell v. Bridger,* 113 N. C., 71, and that the authority to make the contract may be shown by parol, *Hargrove v. Adcock,* 111 N. C., 171; *Wellman v. Horn,* 157 N. C., 170.

Applying these principles to the facts, it follows that the paper-writing executed by the partner, Lowe, in the name of the partnership is valid as a contract to convey, provided there is evidence of authority in Lowe to make the contract.

This authority may be express, or implied from the nature of the business conducted by the partnership, and the plaintiff Stowe testified that Lowe had charge of the business of the partnership in Sampson County, and the plaintiff Robinson that it was entirely in the scope of the business to take land and convert it into cash in exchange for patent rights; and when the character of the business is considered, this furnishes evidence of authority in Lowe to make a valid contract of sale binding on all the partners.

The author says in Gilmore on Partnership, 292: "In so-called real estate partnerships where land is the commodity dealt in, it would seem that there should be an implied power in each partner to sell it. A distinction should be drawn between the actual conveyance of firm realty and a contract to convey. It might very well be that a partner has power to bind the firm by an agreement to convey partnership land,

but has not the power to execute the formal conveyance"; and Bates on Part., sec. 299, is to the same effect.

The Court states the same principle in *Thompson v. Bowman,* 73 U. S., 316, as follows: "There is no doubt that a copartnership may exist in the purchase and sale of real property equally as in any other business. Nor is there any doubt that each member of such copartnership possesses full authority to contract for the sale or other disposition of the entire property; though for technical reasons the legal title vested in all the copartners can only be transferred by their joint act"; and in *Chester v. Dickerson,* 54 N. Y., 1: "One partner cannot convey the whole title to real estate unless the whole title is vested in him. *Van Brunt v. Applegate,* 44 N. Y., 544. But he can enter into an executory contract to convey, which a court of equity will enforce. While a contract for the conveyance of land must be in writing, yet an agent to execute the contract may be appointed by parol. Willard on Real Estate, 376. And hence, when the partnership business is to deal in real estate, one partner has ample power, as general agent of the firm, to enter into an executory contract for the sale of real estate"; and in *Rovelsky v. Brown,* 92 Ala., 522: "If the several partners in a firm engaged in business of buying and selling real estate cannot bind the firm by purchases or sales of such property made in the regular course of business, then they are not capable of exercising the essential rights and powers of general partners, and their association is not really a partnership at all, but a several agency."

We are, therefore, of opinion that there is no error in the intimation of opinion by his Honor.

It is not clear that the plaintiffs had the right to appeal, as at least in some aspects of the record the rulings in the Superior Court left open essential matters of fact, *Midgett v. Mfg. Co.,* 140 N. C., 361; *Merrick v. Bedford,* 141 N. C., 505; *Blount v. Blount,* 158 N. C., 313. But we have concluded to pass on the questions raised on their merits, and thus save the parties from the expense and trouble of another appeal.

Affirmed.