## HAAS v. RENDLEMAN.
## In re PIEDMONT ELECTRIC CO.
### No. 3364.

Circuit Court of Appeals, Fourth Circuit.
Jan. 10, 1933.

T. W. Lipscomb, of Asheville, N. C. (Joseph W. Little, of Asheville, N. C., on the brief), for appellant.

J. G. Merrimon, of Asheville, N. C. (Junius G. Adams, Jr., and Merrimon, Adams & Adams, all of Asheville, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a controversy arising in bankruptcy. The question involved is the validity, as against the trustee in bankruptcy representing creditors, of a deed of trust on certain real estate of the bankrupt. The bankrupt is a corporation, and it is admitted that its corporate seal was omitted from the deed of trust. The contention of the trustee is that, because of its omission, the registration of the deed of trust was a nullity, and that, not being registered, it was void as against creditors of the bankrupt and the trustee in bankruptcy, who succeeded to their rights. The District Judge sustained the validity of the deed of trust as an equitable lien, notwithstanding the omission of the seal; and the trustee in bankruptcy has appealed.

There is no dispute as to the facts. The deed of trust was executed by the president of the bankrupt corporation with its authority and in its name to secure a loan of $25,000 made to bankrupt at the time. Its execution was attested by the signature of the secretary; and the attestation clause recites that bankrupt caused the instrument to be executed in its name by its president and its corporate seal to be affixed, duly attested by its secretary, by authority duly given. No corporate seal was in fact affixed; and the judge below finds that it was omitted by inadvertence and mistake. The execution of the deed of trust was proven before a notary public by the oath of the president to the effect that he was the president of the corporation; that the seal thereto affixed was the seal of the corporation; that the instrument was signed and sealed by him in behalf of the corporation by its authority duly given; and that he acknowledged the instrument to be the act and deed of the corporation. The instrument was promptly recorded in the office of the register of deeds of the county where the real estate was situate; the assistant clerk of the superior court of that county having signed an order adjudging that the certificate of the notary public was correct, and that the execution of the deed of trust had been duly proven and ordering that same be registered. The corporation was adjudged bankrupt on a petition filed more than a year later, at which time the indebtedness secured by the deed of trust had been reduced by only a very small amount.

 It is elementary that questions as to the validity of a deed of trust on land, the necessity and requisites of registration, and the effect of the failure to record as against creditors, or a trustee in bankruptcy representing creditors, are to be determined by the laws of the state where the land embraced in

the deed of trust is situate. And there can be no question but that under the law of North Carolina it is essential to the conveyance of land that the deed of conveyance be under seal. If the conveyance be by a corporation, the common seal or some device used as and for the seal of the corporation must be affixed. Bailey v. Hassell, 184 N. C. 450, 115 S. E. 166; Caldwell v. Morganton Mfg. Co., 121 N. C. 339, 341, 28 S. E. 475; Avent v. Arrington, 105 N. C. 377, 10 S. E. 991. And, where it appears from the face of a deed or deed of trust that the corporate seal has not been affixed, an order admitting it to probate as a conveyance is unauthorized and registration thereon is invalid; for it is well settled that registration had upon an unauthorized probate is invalid and ineffectual to pass title against creditors and purchasers. Withrell v. Murphy, 154 N. C. 82, 69 S. E. 748; Allen v. Burch, 142 N. C. 524, 55 S. E. 354; Todd v. Outlaw, 79 N. C. 235; U. S. v. Hiawassee Lumber Co. (C. C. A. 4th) 202 F. 35.

It by no means follows, however, that the deed of trust here is void or that its registration has no effect against creditors, even though it does not pass title as against them. Having been executed with the authority of the corporation, it was valid as a contract to convey the land therein described as security for the debt set forth, even though not under seal; for under the law of North Carolina a contract to convey real estate need not be under seal. Robinson v. Daughtry, 171 N. C. 200, 88 S. E. 252, Ann. Cas. 1918E, 1186; Mitchell v. Bridgers, 113 N. C. 71, 18 S. E. 91. And an instrument in form of a deed which has been defectively executed will operate as a contract to convey. Robinson v. Daughtry, supra; Rogerson v. Leggett, 145 N. C. 10, 58 S. E. 596. Likewise as to the order of probate—while, because of the absence of the seal, it did not authorize the registration of the instrument as a conveyance, it was sufficient, nevertheless, to authorize its registration as a contract to convey, the registration of which is expressly provided for by statute in North Carolina. C. S. §§ 3308, 3309. The deed of trust was valid, therefore, as a contract to convey or give a mortgage; and, having been duly recorded as such, it was valid against creditors as a lien on the property embraced to the extent of the debt se-

cured, the amount of which was set forth in the instrument as recorded.

■ There is this difference between the registration of a conveyance and the registration of a contract to convey: While both, when registered, are good as against creditors, the conveyance is good to the full extent of the title conveyed; the contract to convey, only as to the rights given by the contract which is recorded. The grantee under a duly recorded deed of conveyance obtains a title good as against the creditors of the grantor. The party to receive a conveyance under a duly recorded contract to convey is entitled to a conveyance of title, as against creditors of the party to make conveyance, only upon compliance with the terms of the contract as recorded. The distinction is not of practical importance, in a case such as this, where the contract as recorded provides for the giving of security for a debt created at the time, for a court of equity will hold such contract to be an equitable lien on the property, which is in practical effect not materially different from enforcing the terms of a mortgage. The power of equity to enforce such equitable liens arising from contracts to give security is well settled. Ketchum v. St. Louis, 101 U. S. 306, 317, 25 L. Ed. 999; Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865; Hurley v. A., T. & S. F. R. Co., 213 U. S. 126, 29 S. Ct. 466, 53 L. Ed. 729; Johnson v. Root Mfg. Co., 241 U. S. 160, 36 S. Ct. 520, 60 L. Ed. 934; Burrowes v. Nimocks (C. C. A. 4th) 35 F.(2d) 152, 155, 156; Love v. Sierra Nevada Lake Water & Mining Co., 32 Cal. 639, 652, 653, 91 Am. Dec. 602; Pomeroy's Equity Jurisprudence (4th Ed.) §§ 1235, 1237. The doctrine is stated by Prof. Pomeroy as follows in the paragraph last cited: "As an agreement to give a mortgage creates a lien, so a mortgage which, through some informality or defect in its terms or mode of execution, is not complete and valid as a true and proper mortgage, will nevertheless generally create an equitable lien upon the property described. The intent to give a security being clear, equity will treat the instrument as an executory agreement for such security."

For the reasons stated, we think that the decree appealed from is correct, and same is accordingly affirmed.

Affirmed.