HOWARD M. SAWYER v. SUE D. COWELL (ORIGINAL PARTY DEFENDANT) AND V. S. COWELL, ADMINISTRATOR OF THE ESTATE OF SUE D. COWELL, DECEASED, AND V. S. COWELL, INDIVIDUALLY (ADDITIONAL PARTY DEFENDANT).

(Filed 23 March, 1955.)

**1. Abatement and Revival § 16½ —**

An action which survives disability or death does not abate until a judgment of the court is entered to that effect.

**2. Same—**

The power of the court to allow an action which survives the death of defendant to be continued against defendant's personal representative or successor in interest may not be invoked by a plaintiff who has kept his action in a semi-dormant condition for a number of years and then called defendant's heir into court after the heir, by lapse of time, is unable to make good his defense or that defense which the ancestor might have made. G.S. 1-74.

**3. Same—Granting of motion to abate after action had been dormant for almost seven years held within discretionary power of trial court.**

In this action to remove cloud on title, it appeared that some 6 years elapsed after the death of the original defendant before a purported summons was served on the heir in his capacity as administrator, and almost 7 years elapsed before plaintiff served an amended complaint on him and sought to have him joined as a party defendant in his individual capacity as heir. *Held:* The action of the trial court in denying plaintiff's motion that the heir be joined as a party defendant and granting the heir's plea in abatement was within the discretionary power of the court, and no abuse of discretion being made to appear, the ruling is affirmed. The heir not being made a party renders academic plaintiff's right to amend.

**4. Pleadings § 22—**

Whether the trial court should allow an amendment to the pleadings rests in the court's sound discretion, G.S. 1-163, and the court's ruling thereon is not reviewable on appeal.

BARNHILL, C. J., DEVIN and PARKER, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Morris, J.,* in Chambers, 31 July, 1954. From CAMDEN.

This matter was heard by his Honor at Chambers in Elizabeth City, North Carolina, by consent of all parties. It was also agreed that the matter might be heard out of term and out of the county; that the court might find the facts and render judgment thereon.

The facts are as follows:

1. This action was instituted against Sue D. Cowell, a citizen and resident of Currituck County, North Carolina, to remove an alleged cloud upon plaintiff's title to certain lands situate in Camden County, North Carolina. (The alleged cloud upon plaintiff's title is the deed referred to in the defendant's answer, which deed purports to have been executed pursuant to the foreclosure of the deed of trust referred to in the complaint. The plaintiff alleges no such foreclosure took place and that the defendant Sue D. Cowell acquired no rights under said deed.) Summons was issued 28 September, 1946, and it, together with a copy of the verified complaint, was duly served on the defendant 4 October, 1946. The defendant filed her answer and denied plaintiff's title to the property described in the complaint, and alleged that she was the sole owner thereof, having acquired title thereto at a foreclosure sale regularly advertised and conducted, in accordance with law, and that she received her deed to said premises on 30 November, 1940, which deed is of record in the office of the Register of Deeds in Camden County in Book 23 at page 270. Sue D. Cowell, the original defendant, died 7 October, 1947, and V. S. Cowell was appointed as her administrator on 18 October, 1947, and filed his final account on 14 December, 1948, in Currituck County.

2. That on 25 August, 1952, an order was entered that V. S. Cowell, as administrator of the estate of Sue D. Cowell, be made a party defendant and that summons be served upon him together with a copy of the complaint. That, subsequently, on 17 August, 1953, a paper writing on the usual summons form headed "State of North Carolina, Pasquotank County, Howard M. Sawyer, plaintiff, *v.* Sue D. Cowell, V. S. Cowell, Administrator of the Estate of Sue D. Cowell, Deceased," was delivered to V. S. Cowell by the Sheriff of Currituck County. That the purported summons bore no date other than the year "1953," was not signed by the Clerk of the Superior Court of any county, and bore no seal. That at said time the original action above referred to was pending in the Superior Court of Camden County. That within a few days thereafter V. S. Cowell entered a special appearance and filed a motion to dismiss.

3. That on 19 June, 1954, plaintiff, through his counsel, served notice on counsel for the defendant V. S. Cowell, that he would move to have V. S. Cowell, the sole heir of Sue D. Cowell, made the defendant herein. That attached to the said notice and order was an "Amended Complaint,"

the first five paragraphs of which are identical in substance with the original complaint; the sixth paragraph of said complaint alleges damages against V. S. Cowell by way of rents and profits and the removal of timber from the lands involved since the foreclosure of the said land under deed of trust. That promptly thereafter V. S. Cowell filed an affidavit, plea in abatement and motion to dismiss.

Upon the foregoing facts, the court held that the motion to dismiss the action against V. S. Cowell, administrator of the estate of Sue D. Cowell, deceased, filed by V. S. Cowell, should be allowed; that plaintiff's motion to make said V. S. Cowell, individually, a party defendant should be denied, and that V. S. Cowell's plea in abatement and motion to dismiss the action should be allowed, and entered judgment accordingly. Plaintiff appeals, assigning error.

*Jennette & Pearson for plaintiff, appellant.*
*LeRoy & Godwin for defendant, appellee.*

DENNY, J. The appellant concedes that the attempted service on V. S. Cowell as administrator of the estate of Sue D. Cowell was a nullity and, therefore, totally void. He contends, however, that V. S. Cowell is the real party in interest and should be made the party defendant by proper amendment since he acquired the *locus in quo* with full knowledge of the pending litigation.

It is provided in G.S. 1-74 that, "No action abates by the death, or disability of a party, or by the transfer of any interest therein, if the cause of action survives, or continues. In case of death, except in suits for penalties and for damages merely vindictive, or in case of disability of a party, the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by, or against, his representative or successor in interest. . . ."

The law is settled with us that an action which survives disability or death does not abate until a judgment of the court is entered to that effect. *Rogerson v. Leggett,* 145 N.C. 7, 58 S.E. 596; *Moore v. Moore,* 151 N.C. 555, 66 S.E. 598.

In the present action, the court, after finding the facts, sustained the defendant's plea in abatement. The facts disclose that the action was originally instituted on 28 September, 1946; that complaint and answer were duly filed and that the original defendant died on 7 October, 1947. No effort was made to make her administrator a party defendant until 25 August, 1952, approximately two years after the estate had been administered, the final account filed and the administrator discharged. Likewise, the plaintiff made no effort to make V. S. Cowell, the sole heir of Sue D. Cowell, a party defendant until after the expiration of nearly

seven years from her death. Moreover, there is nothing in the record before us to indicate that V. S. Cowell knew anything about this litigation which was pending in Camden County, prior to 17 August, 1953, the date on which he was served with a purported summons which appellant now admits was a nullity. In light of these facts, an abuse of discretion in sustaining the plea in abatement has not been made to appear. *Rogerson v. Leggett, supra.*

In the last cited case the Court said: "Certainly the law does not contemplate that the plaintiff may keep his action in a semidormant condition for seven years, and then, when it suits his pleasure or possibly his interest, call the heir at law into court, to find that by a legal fiction he has been deprived of his defenses and called to answer, when by the lapse of time he has become disabled to make good his defense, or that which his ancestor may have made. The liberal provisions of the statute permitting the continuation of the action after the death of the defendant should not be permitted to work out such results."

Furthermore, it will be noted that the plaintiff not only sought in the court below to make V. S. Cowell the party defendant, but also to amend his complaint and set up a claim for rents and profits received by V. S. Cowell, as well as for rents and profits received by him as administrator of the estate of Sue D. Cowell, including such rents and profits as he may have received as agent for Sue D. Cowell prior to her death. However, the refusal of the court below to make V. S. Cowell a party defendant, but, on the contrary, to sustain his plea in abatement, makes the question as to the plaintiff's right to amend academic. Even so, had the court allowed the motion to make V. S. Cowell the party defendant in this action, whether or not an amendment to the plaintiff's pleadings should have been allowed, would have raised a question to be determined in the discretion of the court. G.S. 1-163; *Parker v. Realty Co.,* 195 N.C. 644, 143 S.E. 254. A discretionary ruling on a motion to amend pleadings is not reviewable on appeal. *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Hooper v. Glenn,* 230 N.C. 571, 53 S.E. 2d 843.

The ruling of the court below will be sustained.

Affirmed.

BARNHILL, C. J., DEVIN and PARKER, JJ., took no part in the consideration or decision of this case.